■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN B. KWIATKOWSKI, Appellant. [694 NYS2d 779] —Mercure, J. Appeal from a judgment of the County Court of Montgomery County (Sise, J.), rendered August 14, 1998, convicting defendant upon his plea of guilty of the crime of attempted bribing of a witness.

On May 1, 1998, defendant executed a waiver of indictment and consented to the filing of a superior court information charging him with a single count of attempting to bribe a witness. Then, in accordance with a plea bargain that was set forth upon the record in open court, defendant entered a plea of guilty to that charge and waived his right to appeal, with the specific understanding that he would be sentenced to an indeterminate prison term of one to three years and required to pay a surcharge and crime victim assistance fee totaling $155. Sentenced in accordance with the plea bargain, defendant now appeals.

Based upon our review of the record and particularly the plea allocution, we conclude that defendant entered a knowing, voluntary, and intelligent guilty plea and waiver of appeal (*see, People v Shaw*, 261 AD2d 648; *People v Mattson*, 256 AD2d 717, *lv denied* 92 NY2d 1035). Accordingly, his challenge to the sentence is unpreserved (*see, id.*). Further, not having moved to dismiss the superior court information pursuant to CPL 210.20 (1) (g) or (h), defendant's claim of violation of his constitutional right to a speedy trial (*see*, CPL 30.20) is unpreserved and is in any event patently lacking in merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.