■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID R. BUCKNER, Appellant. [711 NYS2d 861] —Lahtinen, J. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered January 17, 1999, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree and criminal possession of stolen property in the fourth degree.

Defendant was indicted on August 25, 1998 for criminal sale of a controlled substance in the third degree, a class B felony, and criminal possession of a controlled substance in the seventh degree, a class A misdemeanor. At his arraignment on August 27, 1998, defendant, through his then attorney, acknowledged receiving a copy of the indictment and entered a plea of not guilty. On September 9, 1998 defendant pleaded guilty to both counts of the indictment as part of a plea bargain that included an agreement by defendant to plead guilty to a superior court information (hereinafter SCI) charging him with criminal possession of stolen property in the fourth degree, a class E felony, in return for sentences of 1 to 3 years for the felony charges and 1 year for the misdemeanor charge, all to run concurrently. Defendant also agreed to cooperate with the authorities in a "debriefing" and the District Attorney agreed to dismiss all misdemeanors pending in the local courts of Columbia County as part of the plea bargain.

On October 14, 1998, defendant pleaded guilty to the SCI and expected to be sentenced according to the terms of the plea bargain on all charges to the agreed-upon sentence. Upon reviewing the presentence report, however, County Court noted a prior felony conviction which prevented it from imposing the recommended sentence. Sentencing was adjourned and there-

after defense counsel obtained an order to show cause seeking specific performance of the plea bargain or, in the alternative, withdrawal of defendant's guilty plea and appointment of new defense counsel because of a potential conflict of interest. On November 18, 1998 County Court appointed new defense counsel and granted defendant's motion to withdraw his guilty plea. The case was then scheduled for trial. On January 7, 1999, after pretrial hearings were concluded, defendant again pleaded guilty to the charges set forth in the indictment and the SCI in exchange for the People's recommendation for the minimum allowable indeterminate sentence (4½ to 9 years) on the class B felony to run concurrently with an indeterminate sentence (2 to 4 years) on the class E felony and a 1-year definite sentence on the class A misdemeanor. The People agreed to forego prosecution of a second sale of narcotics charge and misdemeanor charges pending in Hudson City Court and defendant agreed to waive his right to appeal. County Court sentenced defendant according to the terms of his plea bargain and he now appeals.

Defendant contends that County Court did not properly inform him of the charges against him at his arraignment on August 27, 1998 in violation of CPL 210.15 (1) and, therefore, never acquired jurisdiction over him. Defendant's contention is without merit. The record reveals that defendant was arraigned on a valid accusatory instrument (*see, People v Ford*, 62 NY2d 275), was represented by counsel (*see*, CPL 210.15 [2]), was provided with a copy of the indictment (*see*, CPL 210.15 [1]) and waived a reading of the indictment prior to pleading not guilty to the charges. We find that County Court properly arraigned defendant on the charges in the indictment and obtained jurisdiction over his person. There is no indication in this record that any right of defendant, constitutional or statutory, was violated at his arraignment. Defendant makes no such jurisdictional argument with respect to the procedures leading to his plea of guilty to the charge set forth in the SCI.

Defendant next contends that this Court should reduce his sentence in the interest of justice. Defendant's contention that his sentence is unfair is not preserved for our review because of his knowing and voluntary waiver of his right to appeal (*see, People v Kwiatkowski*, 263 AD2d 552, *lv denied* 93 NY2d 1021; *People v Shaw*, 261 AD2d 648). In any event, such argument is groundless. County Court imposed the minimum sentence allowable for a second felony class B conviction despite defendant's extensive criminal history. County Court did not abuse its discretion nor are any extraordinary circumstances present

to warrant a reduction of the sentence in the interest of justice (*see, People v Marcano*, 265 AD2d 673, *lv dismissed* 95 NY2d 800; *People v Charles*, 258 AD2d 740, *lv denied* 93 NY2d 968).

Defendant's remaining arguments have been considered and found to be without merit.

Cardona, P. J., Peters, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.