■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HEATHER DORT, Appellant. [716 NYS2d 614] —Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered November 26, 1997, convicting defendant upon her plea of guilty of the crime of attempted forgery in the second degree.

In satisfaction of an indictment charging defendant with, *inter alia*, forgery in the second degree, defendant pleaded guilty to the lesser included offense of attempted forgery in the second degree. Although defense counsel and the prosecutor jointly recommended a conditional discharge, the negotiated plea agreement did not include a specific sentence commitment. County Court, having informed defendant of the maximum sentencing option, ultimately imposed a sentence of five years' probation, $400 restitution and 200 hours of community service. Defendant now appeals.

Contrary to defendant's contention, the record establishes that defendant knowingly, voluntarily and intelligently waived her right to appeal as part of the negotiated plea agreement. In addition to the signed waiver of her right to appeal, defendant expressly waived her right to appeal during the plea colloquy and indicated that she understood the rights which she was forfeiting. While defendant's waiver precludes our consideration of her challenge to the severity of the sentence (*see, People v Kwiatkowski*, 263 AD2d 552, *lv denied* 93 NY2d 1021), were we to address it we would nevertheless find no abuse of discretion nor any extraordinary circumstances warranting a reduction of the sentence imposed (*see generally, People v Buckner*, 274 AD2d 832). Furthermore, we would find that the record provides sufficient evidence to support County Court's imposition of $400 restitution. Finally, a review of the record and the presentence investigation report belies defendant's contention that County Court improperly delegated its sentencing authority by relying strictly on the recommendation contained in the presentence investigation report.

Cardona, P. J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.