■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VALERIE L. LAWRENCE, Appellant. [714 NYS2d 823] —Lahtinen, J. Appeal from a judgment of the County Court of Warren County (Moynihan, Jr., J.), rendered July 16, 1997, upon a verdict convicting defendant of the crimes of grand larceny in the third degree, petit larceny and defrauding the government.

Defendant, the Town Clerk for the Town of Hague, Warren County, from January 1994 to December 1995, was indicted in November 1996 by a Warren County Grand Jury on one count of grand larceny in the third degree, one count of petit larceny, and one count of defrauding the government, stemming from her tenure as Town Clerk during which over $12,000 received as various fees was unaccounted for. Found guilty on all three counts after a jury trial, defendant was sentenced to five years' probation, 250 hours of community service and ordered to make restitution. Defendant appeals and we affirm.

Defendant's duties as Town Clerk included collecting taxes and various license and permit fees. She maintained two Town Clerk checking accounts, one for depositing and remitting collected taxes, the other for depositing and remitting to the appropriate agency fees she collected for licenses and permits (e.g., hunting licenses, fishing licenses, dog licenses, marriage licenses and land use fees). Defendant encountered immediate

and continuing difficulty maintaining the paperwork and accounts required of a Town Clerk and at various times was provided assistance by a neighboring Town Clerk and additional Town employees.

The Town Supervisor eventually requested an audit of defendant's accounts by the State Comptroller which revealed, insofar as is relevant on this appeal, that the account into which she deposited and remitted agency fees was missing more than $12,000 for the period January 1994 to December 1995. Over $7,000 of these missing funds was collected subsequent to May 1995, when defendant had the lock to her office door changed permitting only she and the building custodian access. At trial, evidence of the amount of money allegedly stolen by defendant was introduced by the prosecution through the State Auditor's detailed and documented testimony.

Defendant argues on appeal that County Court erred in declining to charge the lesser included offenses of grand larceny in the fourth degree and petit larceny with respect to the first count of the indictment, and that the sentence imposed was unduly harsh and excessive.

Defendant requested County Court submit to the jury counts of grand larceny in the fourth degree and petit larceny as lesser included offenses of the charge of grand larceny in the third degree. To be entitled to a charge of a lesser included offense, "[f]irst, defendant must establish that it is impossible to commit the greater crime without concomitantly committing the lesser offense by the same conduct. Secondly, there must be a reasonable view of the evidence to support a finding that the defendant committed the lesser offense but not the greater" (*People v Van Norstrand*, 85 NY2d 131, 135 [citations omitted]; *see*, CPL 300.50). As the lesser degrees of larceny defendant sought to be charged differed from grand larceny in the third degree only in the amount of money involved (the lesser degrees involving lesser amounts), the first requirement is easily satisfied. However, we agree with County Court that a "reasonable view" of the evidence does not support a finding that defendant committed grand larceny in the fourth degree or petit larceny but not grand larceny in the third degree (*see, id.*, at 136). We conclude that no rational basis exists in this record which would have allowed the jury to reject a part of the State Auditor's testimony so as to conclude that defendant stole less than $3,000 (*see, People v Scarborough*, 49 NY2d 364, 371-372), since we find no "identifiable record basis" upon which the jury could differentiate between portions of that witness's

testimony (*People v Negron*, 91 NY2d 788, 792). The State Auditor's testimony regarding the amount of the shortfall between actual receipts and monies accounted for in the Town Clerk's checking account was unequivocal. Defendant's apparent argument that the jury could have concluded that she committed the lesser offenses but not the greater is not reasonable, particularly in light of the fact that she denied any criminal culpability whatsoever with respect to the alleged missing funds and there was no evidence that anyone other than defendant had control of the missing money. To permit the jury to consider the lesser offenses of grand larceny in the fourth degree or petit larceny would impermissibly require nothing but speculation on the part of the jury, wholly unsupported by the proof in the record (*see, People v Discala*, 45 NY2d 38, 43). Accordingly, we find no error in County Court's refusal to charge a lesser offense on the first count of the indictment.

Defendant's remaining argument that her sentence was unduly harsh and excessive is similarly unavailing. Defendant, who faced a possible indeterminate sentence of imprisonment, received no period of incarceration as part of her sentence. Absent a demonstration of an abuse of discretion or extraordinary circumstances which is lacking here, we decline to disturb defendant's sentence (*see, People v Dolphy*, 257 AD2d 681, *lv denied* 93 NY2d 872).

Crew III, J. P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.