■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN CALVIN, Appellant. [719 NYS2d 397] —Rose, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered February 27, 1997, (1) upon a verdict convicting defendant of the crimes of robbery in the first degree and robbery in the second degree, and (2) convicting defendant upon his plea of guilty of the crime of attempted robbery in the first degree.

In September 1995, a Grand Jury indicted defendant on one count of robbery in the first degree and one count of robbery in the second degree based on his participation with Johnny Hayden in the robbery of a McDonald's restaurant located in the City of Albany (hereinafter the first indictment). In January 1996, prior to trial on these charges, a Grand Jury charged defendant with two counts of robbery in the first degree as a result of two other incidents (hereinafter the second indictment). At the trial held on the first indictment, defendant's counsel requested that the jury be instructed as to the lesser included offense of robbery in the third degree. County Court denied this request and the jury found defendant guilty as charged in the first indictment. Prior to sentencing on those convictions, defendant pleaded guilty to a single count of attempted robbery in the first degree in satisfaction of the second indictment. As part of his plea, he agreed to imposition of an indeterminate prison sentence of 1²/₃ to 5 years to run consecutive to a sentence of 8¹/₃ to 25 years for his convictions on the first indictment, and waived his right to appeal the sentences imposed on both the earlier and the later convictions. Defendant was thereafter sentenced as agreed. He now appeals and we affirm.

The issue of whether the jury should have been instructed on robbery in the third degree as a lesser included offense distills to whether there is a reasonable view of the evidence, without resorting to speculation, from which the jury could conclude that defendant stole property, but was not aided by Hayden (*see, People v Scarborough,* 49 NY2d 364, 371; *People v*

*Lawrence*, 277 AD2d 501, 503). Here the evidence establishes that defendant and Hayden entered and left the restaurant together, both went behind the counter and both compelled the restaurant's employees to cooperate in their theft of money. Specifically, there is testimony that while Hayden was threatening the manager at knife point and removing money from the safe, defendant removed money from a cash register, forced another employee into a freezer and urged Hayden to get the money from the safe more quickly so that the men could leave. These facts demonstrate that defendant and Hayden were aiding each other in committing the robbery, and under the circumstances, it would have been sheer speculation that defendant's actions were independent of, and not facilitated by, those of Hayden. Hence, County Court properly instructed the jury.

Although defendant also contends that the sentence imposed was unduly harsh and excessive, his challenge has been waived. The plea minutes clearly reflect that County Court advised defendant of the specific sentence that would be imposed and there is simply no record evidence indicating that his waiver was other than knowing, voluntary and intelligent (*see, People v Kwiatkowski*, 263 AD2d 552, *lv denied* 93 NY2d 1021).

Crew III, J. P., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.