■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN MILL, Appellant. [751 NYS2d 504] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered April 26, 2001, convicting him of burglary in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentencing.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant forcibly stole the victim's pocketbook after he pushed her into the lobby of her apartment building and punched her in the jaw, sending her approximately five feet into the lobby wall, where she hit her head and fell.

Contrary to the defendant's contention that the victim did not suffer a "physical injury" under Penal Law § 10.00 (9), the record reveals that the victim was taken to Beth Israel Medical Center, Kings Highway Division, where she was examined and treated for a contusion on her jaw. The injuries, described by the victim as a swollen and "dislocated jaw," "mild concussion," severe pain in her head and jaw lasting for more than a week causing difficulty with eating and speaking, and chronic shoulder pain, were sufficient to meet the statutory threshold (*see People v Greene,* 70 NY2d 860, 863; *cf. Matter of Philip A.,* 49 NY2d 198, 200).

Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Santucci, J.P., Krausman, Crane and Mastro, JJ., concur.