■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIETO P. MACK, Appellant. [755 NYS2d 437] —Mercure, J.P. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered July 30, 1999, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant was indicted on one count of assault in the second degree and one count of menacing in the second degree for allegedly hitting Julia Dietrich with a broken table leg. After a jury convicted defendant of assault in the second degree, and after his motion to set aside the verdict was denied, County Court sentenced defendant as a persistent violent felony offender to an indeterminate term of 12 years to life. On this appeal, defendant first contends that there was insufficient evidence of physical injury as required to sustain a conviction of assault in the second degree under Penal Law § 120.05 (2). Initially, we note that defendant never contested the sufficiency of the evidence at trial, rendering his present claim unpreserved for our review (*see People v King*, 85 NY2d 609, 624). In any event, the claim lacks merit.

Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]), and must be more than " 'petty slaps, shoves, kicks and the like' " (*Matter of Philip A.*, 49 NY2d 198, 200, quoting Temporary Commission on Revision of the Penal Law and Criminal Code, Proposed Penal Law, at 330; *see People v Henderson*, 92 NY2d 677, 680). Here, Dietrich's injuries included a concussion, a "golf ball" sized lump on one side of her head, two black eyes, swelling on both sides of her face, a large scrape along her neck and bruising on her neck and arms. While Dietrich never explicitly stated that her injuries had caused her pain, she did testify that she was prescribed pain medication and that she missed 2 1/2 weeks of work. In addition, there was testimony that bruises on Dietrich's face and neck remained visible when she was examined one week later and that the blow to Dietrich's neck had caused a scar that was visible at trial nearly four

months later. Viewing the evidence in the light most favorable to the prosecution (*see People v Taylor*, 94 NY2d 910, 911; *People v Contes*, 60 NY2d 620, 621), we find that there was sufficient evidence for a jury to conclude that Dietrich's injuries caused her to suffer substantial pain (*see People v Backus*, 301 AD2d 866 [decided herewith]; *People v Walley*, 296 AD2d 717; *People v Taylor*, 276 AD2d 933, 935, *lv denied* 96 NY2d 788) and/or impaired her physical condition (*see People v Tejeda*, 78 NY2d 936, 937-938).

Next, we reject defendant's claim that County Court improperly admitted the expert testimony of Jeffrey Lewis, a physician who provided follow-up care to Dietrich one week after the incident. Lewis testified that the injury to Dietrich's neck was caused by a hard object with a "distinct edge" such as a wooden table leg. Defendant now contends that there was an insufficient foundation for Lewis's expert testimony and that County Court failed to give an appropriate limiting instruction regarding the import of this expert testimony during its charge to the jury. Because defendant did not object to this testimony at trial, instead conducting a rigorous cross-examination, this claim is also unpreserved for our review (*see People v Fallen*, 249 AD2d 771, 772, *lv denied* 92 NY2d 879). Moreover, admission of expert testimony lies within the sound discretion of the trial court (*see People v Brown*, 97 NY2d 500, 505; *People v De Sarno*, 121 AD2d 651, 654, *lv denied* 68 NY2d 769) and we see no abuse of discretion here. In our view, Lewis's opinion regarding the type of object that could have caused Dietrich's specific pattern of soft tissue trauma was outside "the ordinary knowledge and experience of the average juror" (*People v Duchowney*, 166 AD2d 769, 771; *see People v Brown*, *supra* at 505) and, while he was never formally qualified as an expert witness, Lewis's testimony regarding his qualifications and expertise provided a sufficient foundation for his subsequent opinion testimony (*see People v Duchowney*, *supra* at 770-771). Further, County Court's jury charge regarding the proper role of expert testimony in its deliberations was proper in all respects (*see People v Brown*, *supra* at 506).

Turning to the motion to set aside the verdict, defendant contends that "newly discovered" evidence that Dietrich received a favorable disposition in a criminal matter in another county raises questions of potential bias sufficient to warrant a new trial. We disagree. A trial court has discretion to vacate a judgment and order a new trial where newly discovered evidence, among other things, would likely produce a different result at a new trial, was not discovered until after

trial and could not have been discovered before trial, and would not be "merely impeaching or contradicting the former evidence" (*People v Salemi*, 309 NY 208, 215-216, *cert denied* 350 US 950; *see People v Hayes*, 295 AD2d 751, 752). Not only has defendant made no showing that evidence of an alleged "deal" was not discoverable before trial or that the "new" evidence would do more than impeach Dietrich's prior testimony, but prosecutors from both of the relevant counties testified that Dietrich had not received a favorable deal in exchange for her testimony in this matter. Accordingly, we conclude that defendant's motion for a new trial was properly denied.

We further conclude that defendant was properly sentenced as a persistent violent felony offender pursuant to Penal Law § 70.08. Defendant was convicted of attempted robbery in the second degree, a class D violent felony (*see* Penal Law § 70.02 [1] [c]) on July 28, 1993 and sentenced that day to a "split sentence" of incarceration and probation. In November 1993, defendant was convicted of a second count of attempted robbery in the second degree. Following a probation violation, defendant was resentenced for the first conviction in February 1994 and was sentenced for the second conviction as a predicate felon in October 1994. County Court determined, based on these two prior violent felony convictions, that defendant was a persistent violent felony offender and sentenced him accordingly.

The People, relying on *People v Morse* (62 NY2d 205, *appeal dismissed sub nom. Vega v New York*, 469 US 1186), "conceded" at oral argument on this appeal that defendant had been improperly treated as a persistent violent felony offender because the November 1993 conviction for the second violent felony occurred prior to the October 1994 sentencing on the first conviction (*see People v Morse, supra* at 224-225). However, defendant's initial sentence on his first conviction was imposed in July 1993, prior to defendant's second conviction in November 1993. Because a valid sentence was in place at the time of defendant's second conviction, defendant was properly treated as a second violent felony offender on the second conviction and as a persistent violent felony offender here (*see People v Shriay*, 240 AD2d 783, 783, *lv denied* 91 NY2d 880).

As for defendant's remaining challenges to his sentence, we reject his claim that changes in the relevant sentencing laws since his 1993 convictions render his treatment as a predicate felon in this matter unconstitutional. It is well settled that the enhanced sentences imposed upon predicate felons are punishment for the current crime and, thus, do not violate constitu-

tional prohibitions against ex post facto laws (*see People v Morse, supra* at 213). We also reject defendant's claim that he did not receive the effective assistance of counsel when he entered pleas of guilty to these prior crimes. Defendant waived this claim with regard to the first conviction by failing to raise it when he was sentenced as a second felony offender for the second conviction (*see People v Jones*, 213 AD2d 801, 803, *lv denied* 85 NY2d 975) and, in our view, has failed to meet his burden to prove that his second conviction was obtained in violation of his right to the effective assistance of counsel (*see People v Harris*, 61 NY2d 9, 15; *People v Ladd*, 220 AD2d 849, 850-851, *lv denied* 87 NY2d 923).

Peters, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.