■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK J. BACKUS, Appellant. [755 NYS2d 441] —Peters, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered November 17, 2000, upon a verdict convicting defendant of the crimes of robbery in the second degree (two counts) and grand larceny in the fourth degree.

Defendant's convictions stem from an incident in October 1999 during which he and another forcibly stole a purse and its contents from Ann Torto (hereinafter the victim) who was injured during the incident. Convicted after trial of two counts of robbery in the second degree and one count of grand larceny in the fourth degree, defendant was sentenced to concurrent terms of imprisonment of 10 years for each of the robbery convictions and 1⅓ to 4 years for the grand larceny conviction. He appeals.

Addressing defendant's challenge to the sufficiency of the evidence, Jaime Forkey testified that she made a call to 911 after noticing a woman being hit by another female while a man was watching nearby. Christopher Larson, a police officer with the City of Binghamton, Broome County, testified that upon his response to the call made by Forkey, he found the victim with a swollen and bloody lip, and a swollen and discolored cheek. She refused treatment at the scene.

The victim testified that on the evening of October 15, 1999, she went to a bar alone where she saw defendant, whom she had known for many years, with Tonya Jenkins. Defendant asked to borrow money from the victim and she refused. When defendant persisted, she gave him $5. Thereafter leaving alone to walk home, she noticed a car pulling into a parking lot behind her. Jenkins alighted while defendant was behind the

wheel. Jenkins approached the victim and asked her for money, which the victim refused. Jenkins then grabbed the victim's purse and a struggle ensued. The victim was forced to the ground during the melee and Jenkins managed to get the purse away from her and throw it in the car. The victim retrieved the purse and Jenkins again struggled to get it from her. At that point, defendant whispered something to Jenkins, prompting her to release the purse; she and defendant drove away.

Testimony of Gerald Shoemaker, a police officer, revealed that approximately one month after the robbery, defendant provided an oral statement upon questioning in which he attempted to foist responsibility for the incident upon Jenkins. Jenkins, however, testified that it was defendant's idea to rob the victim and that although she grabbed the victim's purse and threw it in the car as she was directed, defendant removed the money. Defendant called no witnesses.

As a result of the incident, the victim alleged that she sustained a swollen and bloody lip, several bruises and, although she refused medical treatment at the scene, she did go to the hospital that night and thereafter missed several days of work. The testimony of Kristen Hoyt, the emergency room nurse who treated the victim, confirmed the victim's account of her injuries.

Viewing the evidence, as we must, in a light most favorable to the People (*see People v Contes*, 60 NY2d 620) and according appropriate deference to the jury's freedom to credit "any portion of the evidence it deems worthy of belief [while it] reject[s] the rest" (*People v Bradley*, 272 AD2d 635, 636), we find both a valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by this jury on the basis of the evidence presented. Further, addressing defendant's assertion that the verdict was against the weight of the evidence, our independent review of such evidence convinces us that it satisfies, as a matter of law, both the proof and burden requirements for every element of the crimes charged (*see People v Bleakley*, 69 NY2d 490, 495).

Accomplice liability for robbery in the second degree was clearly grounded upon the aforementioned testimony that defendant intentionally aided Jenkins in forcibly stealing property from and causing injury to the victim. As we further find that the victim suffered pain, swelling, and bruises as a result of the altercation and was unable to work for a period of time— objective evidence necessary to support a finding of "physical injury" (*People v McDowell*, 28 NY2d 373, 375)—we find no error (*see People v Mack*, 301 AD2d 863 [decided herewith]; *People v*

*Bernier*, 279 AD2d 701, 702, *lv denied* 96 NY2d 797; *People v Hazen*, 94 AD2d 905, 906; *cf. People v Ingram*, 143 AD2d 448, 449; *People v Dorsey*, 112 AD2d 536, 536, *lv denied* 66 NY2d 763).

Turning to the sentence, defendant asserts that while it falls within the permissible statutory range, there are extraordinary circumstances warranting our intervention. We disagree. The imposition of sentence is a matter committed to the sound discretion of the trial court. We will not interfere unless we find a clear abuse of discretion or the existence of extraordinary circumstances (*see People v King*, 293 AD2d 815, 817-818, *lv denied* 98 AD2d 698; *People v Harris*, 57 AD2d 663, 663). Contrary to defendant's assertions, the evidence does not reveal that he played only a "minor role" in the crimes committed or that his criminal history, replete with both misdemeanor and felony convictions spanning over 20 years, could be obliterated by asserting that his prospects for rehabilitation are positive since he has exhibited remorse for his conduct. Accordingly, finding no abuse of County Court's discretion or the existence of extraordinary circumstances warranting our intervention, we affirm.

Cardona, P.J., Mercure, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.