In the Matter of MICHAEL ROSATO, Appellant, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. [777 NYS2d 186]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Appeals Board, dated June 25, 2003, which affirmed a decision of the New York State Department of Motor Vehicles, denying the petitioner's application for the reissuance of his driver's license, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Dillon, J.), entered

September 24, 2003, which denied the petition, and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The appellant's contention that the respondent New York State Department of Motor Vehicles (hereinafter the DMV) should have used the definition of "serious physical injury" under Penal Law § 10.00 (10), instead of the lesser standard of "physical injury" contained in Penal Law § 10.00 (9), in deciding whether to reissue his driver's license after a prior revocation is without merit. Vehicle and Traffic Law § 1193 (2) (c) (3) requires the DMV to use the definition of "physical injury" contained in Penal Law § 10.00. When a statute contains a clear mandate, its plain language must be followed (*see People v Robinson,* 95 NY2d 179, 183 [2000]). Furthermore, the injury at issue in each of the two subject accidents, a concussion, was sufficient to meet the statutory standard for physical injury (*see People v Mack,* 301 AD2d 863 [2003]; *People v Mill,* 300 AD2d 323 [2002]).

As the petitioner admitted to "having been twice convicted of a violation" set forth in Vehicle and Traffic Law § 1192 (3), and the DMV records established that a "physical injury," as defined in Penal Law § 10.00, resulted from each such offense, the DMV had no discretion to reissue the petitioner's driver's license. Thus, its determination was not arbitrary or capricious or an abuse of discretion.

In light of our determination, we need not address the DMV's remaining contention. Altman, J.P., Smith, S. Miller and Crane, JJ., concur.