■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAPOLEON N. TETREAULT, Appellant. [783 NYS2d 433]—

Lahtinen, J. Appeal from a judgment of the County Court of Cortland County (Smith, J.), rendered August 9, 2002, which resentenced defendant following his conviction of the crime of attempted robbery in the second degree.

In our previous review of this matter, we relieved defendant's counsel after finding, contrary to his contention, various appealable issues of arguable merit and appointed new counsel to address any appealable issues (1 AD3d 805 [2003]).

Defendant was indicted on a single count of robbery in the second degree, arising out of a January 2002 incident where defendant, aided by another man, allegedly forcibly stole several bags of shrimp from a supermarket. Defendant pleaded guilty to attempted robbery in the second degree and waived his right to appeal in return for a two-year term of imprisonment and up to three years' postrelease supervision. At sentencing, County Court notified defendant, a second felony offender, that he would have to be sentenced to three years' imprisonment (*see* Penal Law §§ 70.02, 70.06 [6] [c]). After declining opportunities to withdraw his plea and to consult with his attorney, defendant agreed to the sentence. Defendant was resentenced after it was learned that he must receive five years' postrelease supervision (*see* Penal Law § 70.45 [2]; *People v Matthews*, 306 AD2d 863, 864 [2003]). Defendant again turned down opportunities to withdraw his plea and to consult with counsel. Defendant appeals.

We affirm. Defendant essentially argues that the plea allocution failed to establish the factual basis for the force element of attempted robbery in the second degree (*see* Penal Law § 160.10). A careful review of the allocution reveals nothing

that would negate an essential element of the crime (*see People v Lopez*, 71 NY2d 662, 665-666 [1988]). As such, defendant's waiver of the right to appeal, as well as his failure to move to withdraw his plea or to vacate the judgment of conviction, precludes his challenge to the sufficiency of the plea (*see id.*; *People v Kelly*, 3 AD3d 789, 789 [2004], *lv denied* 2 NY3d 801 [2004]; *People v Richardson*, 295 AD2d 763, 764 [2002], *lv denied* 98 NY2d 771 [2002]). In any case, the plea allocution reveals that defendant, while in possession of the stolen shrimp, attempted to get past a store employee who stopped him. Defendant also admitted to causing himself and the employee to fall to the floor and then standing up again, all while the employee had him in a headlock. As defendant used force to attempt to overcome resistance to his retention of the property, the "forcibly" element of the crime was established (*see* Penal Law § 160.00 [1]; § 160.10; *People v Safon*, 166 AD2d 892, 893 [1990], *lv denied* 76 NY2d 990 [1990]).

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.