■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM E. RUMRILL, Appellant. [836 NYS2d 333]—

Kane, J. Appeal from a judgment of the County Court of Rensselaer County (Lalor, J.), rendered August 16, 2005, upon a verdict convicting defendant of the crimes of robbery in the second degree and assault in the second degree.

While the victim was unloading her shopping cart into her vehicle in a Wal-Mart parking lot, defendant stopped his car nearby, took the victim's purse from her cart, returned to his car and began driving away. Another shopper alerted the victim that someone had her purse, at which point she reached into the driver's window of defendant's car and attempted to retrieve her purse. As she hung out the window, grabbing at defendant and trying to turn off his car, defendant continued driving while attempting to release the victim's grip on his body and his car. Eventually, she lost her grip and either fell or was pushed from the car, sustaining injuries, including a head laceration and a broken ankle. After a trial on the charges of robbery in the first degree and assault in the first degree, a jury found defendant guilty of robbery in the second degree and assault in the second degree. County Court sentenced defendant to concurrent prison terms of 15 years for the robbery conviction and seven years for the assault conviction, to be followed by five years of postrelease supervision. Defendant appeals.

Defendant was not entitled to suppression of his written statement. While a deliberate delay in arraignment for the purpose of obtaining a confession bears on the voluntariness of a confession, such an argument must be raised before the trial court to be preserved for appellate review (*see People v Ramos*, 99 NY2d 27, 34, 37 [2002]; *People v Seeber*, 4 AD3d 620, 622 [2004], *affd* 4 NY3d 780 [2005]). Defendant also did not argue at the suppression hearing that his statement should have been suppressed because he requested counsel prior to questioning, thus rendering that argument unpreserved, and we decline to exercise our interest of justice jurisdiction (*see People v Valverde*, 13 AD3d 658, 659 [2004], *lv denied* 4 NY3d 836 [2005]; *People v Rondan*, 116 AD2d 750, 752 [1986], *lv denied* 67 NY2d 950 [1986]; *see also People v Tutt*, 38 NY2d 1011, 1012-1013 [1976]; *People v Durrin*, 32 AD3d 665, 666 [2006]).

The photo array shown to the victim and another shopper contained photographs of individuals who looked very similar to one another and the identification procedure used by the police was not suggestive (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Deshields*, 24 AD3d 1112, 1113 [2005], *lv denied* 6 NY3d 811 [2006]; *People v Lind*, 20 AD3d 765, 767 [2005], *lv denied* 5 NY3d 830 [2005]). Hence, County Court correctly denied suppression of those identifications.

The evidence was legally sufficient to establish defendant's guilt. Robbery in the second degree is established when a person "forcibly steals property" and "[i]n the course of the commis-

sion of the crime or of immediate flight therefrom, he [or she] . . . [c]auses physical injury to any person who is not a participant in the crime" (Penal Law § 160.10 [2] [a]). Defendant argues that the People failed to prove their case because he did not forcibly steal the purse or cause the victim any injury when he initially took her purse. This argument ignores the portion of the statute applying the personal injury element to "the immediate flight" from the crime. It is clear that the victim was injured when she fell or was pushed from defendant's car as he drove away from the scene of the crime. Similarly, defendant's use of force to overcome resistance to his retention of the property "immediately after the taking" satisfied the element of forcible stealing (Penal Law § 160.00 [1]; *see People v Tetreault*, 12 AD3d 722, 723 [2004], *lv denied* 4 NY3d 749 [2004]; *People v Safon*, 166 AD2d 892, 893 [1990], *lv denied* 76 NY2d 990 [1990]); force used as the victim chased defendant following the taking of her purse met the temporal requirement of the statute (*see People v Johnstone*, 131 AD2d 782, 782-783 [1987], *lv denied* 70 NY2d 800 [1987]; *People v Brock*, 125 AD2d 401, 401 [1986], *lv denied* 69 NY2d 824 [1987]). As defendant's only challenge to the assault conviction is predicated on the alleged insufficiency of the underlying robbery charge, that challenge must fail as well.

County Court did not err in refusing defendant's request to charge the jury with robbery in the third degree as a lesser included offense. A crime is a lesser included offense if "it is impossible to commit the greater crime without necessarily committing the lesser and there must be a reasonable view of the evidence which would support a finding that the defendant committed only the lesser offense" (*People v Barney*, 99 NY2d 367, 371 [2003]; *see People v Caruso*, 6 AD3d 980, 983 [2004], *lv denied* 3 NY3d 704 [2004]). It is impossible to commit robbery in the first or second degrees without also committing robbery in the third degree, so the question here is whether any reasonable view of the evidence would support a finding that defendant committed a robbery but did not cause the victim any physical injury (*see People v Calvin*, 279 AD2d 812, 812 [2001], *lv denied* 96 NY2d 860 [2001]; *compare* Penal Law §§ 160.10, 160.15 *with* Penal Law § 160.05). With the proof at trial, either defendant did not use any force and thus did not commit a robbery, or he used force which caused the victim to fall from his moving vehicle and suffer injuries, including a broken ankle. No reasonable view of the evidence supports defendant's assertion that he committed robbery in the third degree but not robbery in the second degree.

We will not disturb defendant's sentence. The record does not

support defendant's contention that he was sentenced as a second felony offender. County Court did not abuse its discretion in imposing the maximum permissible sentences for each violent felony offense of which defendant was convicted (*see* Penal Law § 70.02 [1] [b], [c]; [3] [b], [c]). Defendant has a prior criminal history and his actions in the situation which led to these charges revealed that he is a danger to the community.

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.