■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OCTAVIO RIVERA, Appellant. [838 NYS2d 727]—

Lahtinen, J. Appeal from a judgment of the County Court of Saratoga County (Scarano, Jr., J.), rendered December 13, 2005, convicting defendant following a nonjury trial of the crimes of robbery in the second degree (three counts), assault in the second degree (three counts), driving while intoxicated (two counts), aggravated unlicensed operation of a motor vehicle in the first degree and reckless driving.

The victim stopped to pick up a pizza at a restaurant in the

Town of Malta, Saratoga County, and, when she exited the restaurant, she saw her vehicle starting to back out of the parking place. She ran to the passenger side, observed defendant driving the vehicle, banged on the window and yelled for him to stop. She grabbed the door and defendant backed the vehicle, causing her to be pulled and twisted. She let go when defendant started driving forward. Police were summoned, a chase ensued, and a collision occurred resulting in a career-ending injury to an officer.

Defendant was charged with numerous offenses in a multicount indictment. A nonjury trial was conducted and County Court found defendant guilty of three counts of robbery in the second degree, three counts of assault in the second degree, two counts of driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree and reckless driving. Defendant was sentenced as a second felony offender and now appeals.

We turn first to defendant's argument that there was legally insufficient evidence to support a finding that the victim suffered a physical injury. Physical injury to the victim was an element of the crimes charged in the second count (robbery in the second degree pursuant to Penal Law § 160.10 [2] [a]*) and sixth count (assault in the second degree pursuant to Penal Law § 120.05 [6]). Such element is statutorily defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). While pain is a subjective matter and deciding whether the "substantial pain" threshold has been met is generally for the trier of fact, there is an objective level below which the issue becomes one of law (see Matter of Philip A., 49 NY2d 198, 200 [1980]). The Court of Appeals has recently instructed that while "slight or trivial pain" is insufficient, the "[p]ain need not, however, be severe or intense to be substantial" (People v Chiddick, 8 NY3d 445, 447 [2007]). Each case ultimately turns upon the facts unique thereto, with a variety of relevant factors, including, among others, the injury viewed objectively, the victim's subjective description of the injury and her pain, and whether the victim sought medical treatment (see id.).

Viewing the evidence in the light most favorable to the People, as we must when faced with a challenge to legal sufficiency (see e.g. People v Calabria, 3 NY3d 80, 81 [2004]), the evidence establishes that the victim's back was injured when the vehicle

---

* We note that the first robbery count was based on the stealing of the victim's vehicle pursuant to Penal Law § 160.10 (3), and the third robbery count was based on the physical injury to the officer pursuant to Penal Law § 160.10 (2) (a).

operated by defendant pulled and twisted her. By the time that she was interviewed by police later that day regarding the incident, the victim characterized her back condition as "very uncomfortable" and she recalled having "difficulty sitting in the chair" during the interview. She described a "strained and twisted" back, and she sought medical care for her condition the next day. She further described continuing pain for several days to such a degree that during such time she had difficulty caring for her three-year-old child, stopped her regular exercise routine and experienced problems trying to sleep because of the discomfort. This evidence was sufficient to present the issue of substantial pain to the trier of fact, and we discern no reason to disturb the factfinder's resolution of that issue.

Next, we consider whether there was legally sufficient evidence of a forcible taking to support the robbery convictions. Using a vehicle to, in essence, push a victim away is analogous to using physical force in a one-on-one confrontation to overcome resistance to the stealing of property (*see People v Rumrill*, 40 AD3d 1273, 1274-1275 [2007]; *People v Woodridge*, 30 AD3d 898, 900 [2006], *lv denied* 7 NY3d 852 [2006]; *People v Tetreault*, 12 AD3d 722, 723 [2004], *lv denied* 4 NY3d 749 [2004]; *People v Monroe*, 277 AD2d 598, 599 [2000]). Here, the victim attempted to resist the taking of her vehicle by grabbing at the door and banging on the window. Defendant—after making eye contact with the victim and ignoring her demands for him to stop—continued driving, causing her to be pulled and twisted by the vehicle. This proof was sufficient to uphold these robbery counts (*see People v Rumrill, supra* at 1274; *People v Huggins*, 228 AD2d 241, 241 [1996], *lv denied* 88 NY2d 1021 [1996]; *see also People v Chatman*, 38 AD3d 1282, 1283 [2007], *lv denied* 8 NY3d 983 [2007]).

After our independent review of the evidence, we are unpersuaded that County Court's verdict was against the weight of the evidence (*see People v Saunders*, 309 AD2d 1063, 1064 [2003]; *People v Backus*, 301 AD2d 866, 867 [2003], *lv denied* 100 NY2d 559 [2003]). The remaining arguments have been considered and found unavailing.

Crew III, J.P., Spain, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.