People v Cobbins

2026 NY Slip Op 02695

April 30, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Eugene Cobbins, Appellant.

Decided and Entered:April 30, 2026

CR-24-0536

Calendar Date: March 26, 2026

Before: Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher And Mcshan, JJ.

John B. Casey, Albany, for appellant.

Christopher Liberati-Conant, District Attorney, Hudson (Kathleen Anderson of counsel), for respondent.

[*1]

Pritzker, J.

Appeals (1) from a judgment of the County Court of Columbia County (E. Danielle Jose-Decker, J.), rendered November 30, 2023, convicting defendant upon his plea of guilty of the crimes of robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree (two counts) and assault in the third degree, and (2) from a judgment of said court, rendered February 9, 2024, which resentenced defendant.

Defendant and the codefendant were jointly charged by indictment; for his part, defendant was charged with the crimes of robbery in the first degree, robbery in the second degree, two counts of grand larceny in the fourth degree and assault in the third degree, stemming from a September 2022 robbery and assault in the City of Hudson, Columbia County. After County Court (Nichols, J.) denied defendant's request to suppress statements, defendant pleaded guilty to all charges, without a sentencing commitment from County Court (Jose-Decker, J.). Defendant was sentenced to a prison term of 10 years, to be followed by five years of postrelease supervision, for the robbery in the first degree conviction, and concurrent prison terms of seven years, to be followed by five years of postrelease supervision, for the robbery in the second degree conviction, 2 to 4 years for each of the grand larceny in the fourth degree convictions and a sentence not to exceed 364 days for the assault in the fourth degree conviction. However, after receiving notification from the Department of Corrections and Community Supervision (hereinafter DOCCS), County Court amended defendant's sentence as to the two grand larceny in the fourth degree convictions to reflect a prison term of 1⅓ to 4 years. Defendant appeals from the judgment of conviction and the judgment resentencing him.

Defendant contends that statements he made during a recorded custodial interrogation were involuntarily made and, therefore, must be suppressed pursuant to CPL 710.20 (3). Specifically, defendant argues (1) that the police withheld filing the charges against defendant to improperly circumvent his indelible right to counsel and (2) that defendant's Miranda waiver was not made knowingly and voluntarily. The first issue, however, is not properly before this Court. To that end, the record is clear that, at the time of the police interrogation, the criminal complaint had not yet been filed formally commencing the action, thus, defendant's right to counsel had not yet attached (see People v Grice, 100 NY2d 318, 321 [2003]; People v Phoenix, 115 AD3d 1058, 1059 [3d Dept 2014], lv denied 23 NY3d 1024 [2014]). Because this right had not yet attached, all defendant is left with are claims regarding whether any violation of his statutory right to the filing of charges and arraignment without "unnecessary delay" affected the voluntariness of his statements during the police interview, claims which require preservation (CPL 140.20 [1]; see People v Ramos, 99 NY2d 27, 37 [2002]; People v Andino, 185 AD3d [*2]1218, 1219 [3d Dept 2020], lv denied 35 NY3d 1110 [2020]; People v Rumrill, 40 AD3d 1273, 1274 [3d Dept 2007], lv denied 9 NY3d 926 [2007]). Defendant's assertion otherwise is merely an attempt to "convert an unpreserved statutory claim [that his arraignment was unnecessarily delayed] into a constitutional right-to-counsel claim — and thus gain appellate review — by merely labeling the claim constitutional" (People v Ramos, 99 NY2d at 37). Accordingly, to the extent defendant is contending that a perceived delay in arraignment affected the voluntariness of his statements, these arguments were not raised in County Court and, as such, are not preserved (see People v Andino, 185 AD3d at 1219; People v Rumrill, 40 AD3d at 1274).

We turn now to defendant's second contention relative to his statements during the police interrogation. Specifically, he asserts that the waiver of his Miranda rights was not knowing and voluntary because the warnings were not administered in clear and unequivocal terms because they were read "too quickly" and "mechanically" and were effectively treated as an "unimportant procedural formality." We disagree. The video from the interview room demonstrates that, as soon as the detective entered the room, he read defendant his Miranda rights directly from a preprinted card prior to asking any questions. Defendant unambiguously acknowledged that he understood these rights. Furthermore, after giving the Miranda warning, the detective again questioned defendant whether he wanted to speak about what happened, to which defendant replied in the affirmative. Moreover, contained in the record is the preprinted Miranda waiver, which mirrors the words the detective read in the video, which defendant signed. After the acknowledgment was signed, the detective again stated that he wanted to discuss what occurred the other day and questioned whether defendant knew why he was there. Shortly thereafter, defendant indicated he wanted to speak with an attorney, and the detective immediately stopped the interview. Given the totality of the circumstances, County Court (Nichols, J.) did not err in finding that, based upon the video from the interview room, "defendant knowingly waived his Miranda rights and voluntarily spoke to the detective" (People v Smith, 193 AD3d 1260, 1265 [3d Dept 2021], lv denied 37 NY3d 968 [2021]; see People v Bermudez, 217 AD3d 1261, 1264 [3d Dept 2023], lv denied 40 NY3d 996 [2023]). Accordingly, suppression of the statements is not warranted.

Defendant also raises arguments as to the imposed sentence. Initially, defendant's contentions relative to having pleaded guilty to inclusory concurrent counts are foreclosed by his guilty plea (see People v Bova, 232 AD3d 939, 940 [3d Dept 2024]; see also People v Redden, 182 AD3d 926, 248 [3d Dept 2020], lv denied 35 NY3d 1115 [2020]). However, as to defendant's assertion that his fundamental right to be present at resentencing was violated, we agree. Here, County Court (Jose-Decker[*3], J.) received a letter from DOCCS informing the court that defendant's two sentences of 2 to 4 years for the underlying grand larceny convictions were not in compliance with state law, and, therefore, an amendment was required. The record reflects that defendant was not produced at either the preceding conference or the resentencing proceeding. The record merely indicates that defense counsel stated, orally and in writing, that defendant's presence was not necessary, yet there is no acknowledgment that defendant was even aware of the resentencing proceeding. As such, defendant's fundamental right to be present at his resentencing was violated, and the matter must be remitted to County Court for resentencing on the grand larceny convictions (see CPL 380.40; People v Stewart, 28 NY3d 1091, 1092 [2016]; People v Berry, 206 AD3d 755, 756 [2d Dept 2022], lv denied 38 NY3d 1149 [2022]).

Finally, we have carefully reviewed defendant's argument that the sentence imposed for the conviction of robbery in the first degree is harsh and severe and his request that this Court reduce it in the interest of justice. We decline to do so. The current sentence is within the statutory allowances, and notably, the 10-year sentence is only two years more than the statutory minimum for a second felony offender (see Penal Law § 70.06 [6] [a]). Moreover, in view of defendant's contradictory statements made between his plea and his interview for the presentence report, as well as the inconsistencies between current and past presentence reports, and in consideration of the nature of the crime and defendant's extensive criminal history, the sentence is not unduly harsh or severe and we decline to reduce it in the interest of justice (see People v Faublas,216 AD3d 1358, 1359 [3d Dept 2023], lv denied 40 NY3d 934 [2023]; People v Jenkins, 215 AD3d 1118, 1122-1123 [3d Dept 2023], lv denied 40 NY3d 997 [2023]).

Aarons, J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.

ORDERED that the judgment rendered November 30, 2023 is affirmed.

ORDERED that the judgment rendered February 9, 2024 is reversed, on the law, and matter remitted to the County Court of Columbia County for resentencing on the two convictions of grand larceny in the fourth degree.