■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN R. RUSSELL, SR., Appellant. [864 NYS2d 587]—Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered March 27, 2007. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of grand larceny in the second degree (Penal Law § 155.40 [1]). Contrary to the contention of defendant, the record establishes that the waiver of his right to appeal was knowingly, intelligently and voluntarily entered (*see People v Lopez,* 6 NY3d 248, 256 [2006]; *People v Aguayo,* 37 AD3d 1081 [2007], *lv denied* 8 NY3d 981 [2007]; *People v Peterson,* 35 AD3d 1195 [2006], *lv denied* 8 NY3d 926 [2007]). The further contention of defendant that he was denied effective assistance of counsel "does not survive his guilty plea or his waiver of the right to appeal because there was no showing that the plea bargaining process was infected by [the] allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance" (*People v Dean,* 48 AD3d 1244, 1245 [2008], *lv denied* 10 NY3d 839 [2008] [internal quotation marks omitted]). Although the contention of defendant that he was coerced into pleading guilty and thus that the

plea was not voluntarily entered survives the waiver of the right to appeal, defendant did not move to withdraw the plea or to vacate the judgment of conviction and thus failed to preserve that contention for our review (*see People v Harrison,* 4 AD3d 825 [2004], *lv denied* 2 NY3d 740 [2004]; *People v Williams,* 272 AD2d 986 [2000]). In any event, that contention lacks merit. "[T]he fact that defendant was required to 'accept or reject the plea offer within a short time period does not amount to coercion' " (*People v Irvine,* 42 AD3d 949, 949 [2007], *lv denied* 9 NY3d 962 [2007]). Nor was the plea rendered involuntary by County Court's initial reluctance to accept the plea agreement. Courts are "not required to accept [a] defendant's . . . guilty plea merely because the plea bargain had been found acceptable to both the prosecution and defense" (*People v Smith,* 272 AD2d 679, 682 [2000], *lv denied* 95 NY2d 938 [2000]).

The challenge by defendant to the factual sufficiency of the plea allocution does not survive his waiver of the right to appeal (*see Irvine,* 42 AD3d at 950; *People v Wilson,* 38 AD3d 1348 [2007], *lv denied* 9 NY3d 927 [2007]), and defendant also failed to preserve that contention for our review (*see People v Lopez,* 71 NY2d 662, 665 [1988]; *Wilson,* 38 AD3d 1348 [2007]). In any event, defendant's contention is without merit inasmuch as defendant stated during the plea colloquy upon inquiry by the court that, when he took the money from the victim, he did not intend to pay any of it back to her, although he did ultimately pay back a small part of the stolen money (*see* Penal Law § 155.05 [1]; *cf. People v Camelo,* 48 AD3d 1303, 1304-1305 [2008]).

Contrary to the further contention of defendant, the court did not abuse its discretion in denying his request for a substitution of counsel (*see generally People v Sanchez,* 7 AD3d 645 [2004], *lv denied* 3 NY3d 681 [2004]). The court was obligated to make "some minimal inquiry" into defendant's reasons for requesting new counsel (*People v Sides,* 75 NY2d 822, 825 [1990]), and the record establishes that the court did so herein. Finally, defendant contends that the court erred in failing to address his request to proceed pro se. The record establishes, however, that defendant did not make that request " 'clearly and unequivocally' " in his letter to the court or at any other time, and thus the court did not err in failing to address that alleged request (*People v Gillian,* 8 NY3d 85, 88 [2006]; *see generally People v LaValle,* 3 NY3d 88, 106 [2004]). Present—Martoche, J.P., Smith, Lunn, Pine and Gorski, JJ.