# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**12**

**KA 08-02060**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

CHRISTOPHER NEWTON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Monroe County Court (Patricia D. Marks, J.), rendered September 24, 2008. Defendant was resentenced by imposing concurrent terms of postrelease supervision.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a resentence upon his motion pursuant to CPL 440.20, in which he alleged that his sentence was illegal inasmuch as Supreme Court (Mark, J.) had failed to impose a term of postrelease supervision when it sentenced him as a second felony offender on his conviction of, inter alia, three counts of robbery in the first degree (Penal Law § 160.15 [2] - [4]). Although not raised in his motion, County Court (Marks, J.) entertained defendant's contention at oral argument of the motion that Supreme Court had erred in sentencing him as a second felony offender. Defendant contended in County Court and contends on appeal that, although he had been sentenced to a period of probation in 1998 based on his conviction of a felony drug offense, his probation was revoked after he committed the robberies. Defendant thus contends that, because he was "resentenced" on the drug offense, Supreme Court violated Penal Law § 70.06 (1) (b) (ii) inasmuch as the sentence on the prior felony drug offense was not imposed before the commission of the present felony robberies. We reject that contention. Rather, we conclude that the revocation of probation on the prior drug offense may not be "employed . . . to leapfrog [the] sentence forward so as to vitiate its utility as a sentencing predicate" (*People v Acevedo*, 17 NY3d 297, 302).

Entered: January 31, 2012                          Frances E. Cafarell
                                                   Clerk of the Court