■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN DAVIS, Appellant. [940 NYS2d 256]—

Judgment, Supreme Court, Bronx County (John S. Moore, J.), rendered March 12, 2008, convicting defendant, upon his plea of guilty, of attempted rape in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.

Defendant was properly sentenced as a persistent violent felony offender. There was no violation of the requirement of sequentiality of convictions (see Penal Law § 70.04 [1] [b] [ii]; People v Morse, 62 NY2d 205 [1984], appeal dismissed sub nom. Vega v New York, 469 US 1186 [1985]).

In 1983, defendant was convicted of the violent felony of criminal possession of a weapon in the third degree and sentenced to probation. In 1985, he was convicted of the violent felony of rape in the first degree and sentenced, as a second violent felony offender, to a term of 12½ to 25 years. As the 1985 rape conviction constituted a violation of the probation imposed on the 1983 conviction, defendant was resentenced on the 1983 conviction to a concurrent term of 2⅓ to 7 years. On the present conviction of attempted rape in the first degree, defendant was sentenced as a persistent violent felony offender pursuant to Penal Law § 70.08, based on his two prior violent felony convictions.

There is nothing in the Penal Law to indicate that a resentencing necessarily resets the controlling sentencing date for purposes of sequentiality. However, the relevant statutes have been interpreted to mean that the invalidation of a judgment may affect sequentiality (see People v Bell, 73 NY2d 153 [1989]). Here, defendant concedes that he received a valid sentence of probation in 1983. The resentencing based on revocation of that probation did nothing to invalidate the original sentence (see People v Mack, 301 AD2d 863 [2003], lv denied 100 NY2d 540 [2003]). Accordingly, "the revocation of probation on the prior . . . offense may not be 'employed . . . to leapfrog [the] sentence forward so as to vitiate its utility as a sentencing predicate' " (People v Newton, 91 AD2d 1281 [2012], quoting People v Ace-

*vedo*, 17 NY3d 297, 302 [2011]). Concur—Andrias, J.P., Sweeny, Moskowitz, Freedman and Manzanet-Daniels, JJ.