# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

650

KA 12-01760

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

KAITLYN E. SHAW, DEFENDANT-APPELLANT.

---

WILLIAMS, HEINL, MOODY & BUSCHMAN, P.C., AUBURN (MARIO J. GUTIERREZ OF COUNSEL), FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (BRIAN N. BAUERSFELD OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered June 26, 2012. The judgment revoked a sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment that, upon her admission to violating a condition of probation, revoked the sentence of probation imposed upon her conviction of assault in the second degree (Penal Law § 120.05 [3]) and sentenced her to a term of imprisonment. Defendant contends that her admission was not knowing, voluntary or intelligent because County Court failed to inform her at any time that she would be subject to postrelease supervision if the court sentenced her to prison. Defendant failed to preserve that contention for our review inasmuch as she failed to move to withdraw her admission on that ground (*see People v Barra*, 45 AD3d 1393, 1393-1394, *lv denied* 10 NY3d 761), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [3] [c]).

*People v Bolivar* (___ AD3d ___ [May 1, 2014]) is distinguishable with respect to the threshold issue of preservation. In that case, in exchange for the defendant's admission to violating probation, the parties agreed that sentencing would be adjourned to allow the defendant to complete an inpatient treatment program, and the parties further agreed that, if the defendant failed to complete the program, she would be sentenced to a term of imprisonment (*id.* at ___). The defendant failed to complete the treatment program and was sentenced to a period of postrelease supervision in addition to a term of imprisonment (*id.* at ___). The court first mentioned the mandatory term of postrelease supervision, however, only moments before imposing

sentence (*id.*).  The Third Department therefore held that the defendant was not required to preserve for appellate review her challenge to the voluntariness of her plea of guilty to the probation violation (*id.* at ___).  Here, by contrast, before defendant pleaded guilty to the underlying offense, the court informed her of the mandatory period of postrelease supervision that would follow any term of imprisonment.  Thus, defendant "was made aware—prior to entering her [admission] to the probation violation—that postrelease supervision would be a component of her sentence" (*id.* at ___), and preservation of defendant's contention is therefore required.

Finally, we reject defendant's contention that the sentence is unduly harsh and severe.

Entered:  June 20, 2014

Frances E. Cafarell
Clerk of the Court