# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**919**
**KA 12-02326**
PRESENT: CENTRA, J.P., CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                MEMORANDUM AND ORDER

ROBERT D. CURRY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

ROBERT D. CURRY, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered October 16, 2012. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and assault in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), criminal possession of a weapon in the third degree (§ 265.02 [3]), and assault in the third degree (§ 120.00 [1]). The charges arose from an incident in which defendant was involved in a physical altercation with another man. We reject defendant's contention that, because he had neither actual nor constructive possession of the handgun, the evidence is legally insufficient to support the conviction with respect to the weapon possession counts. Viewing the evidence in the light most favorable to the People (*see People v Hines*, 97 NY2d 56, 62, *rearg denied* 97 NY2d 678; *People v Brown*, 92 AD3d 1216, 1217, *lv denied* 18 NY3d 992), we conclude that there is a valid line of reasoning and permissible inferences that could lead the jury to conclude that defendant actually or constructively possessed the subject weapon (*see* § 10.00 [8]; *see also People v Manini*, 79 NY2d 561, 573; *see generally People v Bleakley*, 69 NY2d 490, 495). Furthermore, viewing the evidence in the light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

     Defendant also contends that he was illegally sentenced as a
persistent violent felony offender (*see generally* Penal Law § 70.08).
Defendant's contention is premised on the fact that, on the same day,
he was resentenced for a 2004 felony weapons possession offense after
pleading guilty to a probation violation and was sentenced for a
separate 2005 felony weapons possession offense.  We reject
defendant's contention that the resentencing on the 2004 conviction
"reset[] the controlling sentencing date for purposes" of determining
whether the sentence of the 2004 conviction was imposed before
commission of the 2005 felony (*People v Davis*, 93 AD3d 524, 524-525,
*lv denied* 19 NY3d 995; *see* § 70.08 [1] [b]; *see also* § 70.04 [1] [b]
[ii]).  We therefore conclude, contrary to defendant's contention,
that those crimes constitute separate predicate violent felonies, not
a single predicate violent felony, for purposes of determining whether
defendant was a persistent violent felony offender (*see Davis*, 93 AD3d
at 524-525; *People v Newton*, 91 AD3d 1281, 1282, *lv denied* 19 NY3d
965; *see also People v Acevedo*, 17 NY3d 297, 302).  We have reviewed
defendant's remaining contentions in his pro se supplemental brief
with respect to his persistent violent felony offender status and
conclude that they are without merit.

Entered:  September 26, 2014                 Frances E. Cafarell
                                             Clerk of the Court