Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered October 16, 2012. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and assault in the third degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), criminal possession of a weapon in the third degree (§ 265.02 [3]), and assault in the third degree (§ 120.00 [1]). The charges arose from an incident in which defendant was involved in a physical altercation with another man. We reject defendant’s contention that, because he had neither actual nor constructive possession of the handgun, the evidence is legally insufficient to support the conviction with respect to the weapon possession counts. Viewing the evidence in the light most favorable to the People (see People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001]; People v Brown, 92 AD3d 1216, 1217 [2012], lv denied 18 NY3d 992 [2012]), we conclude that there is a valid line of reasoning and permissible inferences that could lead the jury to conclude that defendant actually or constructively possessed the subject weapon (see Penal Law § 10.00 [8]; see also People v Manini, 79 NY2d 561, 573 [1992]; see generally People v Bleakley, 69 NY2d *1577 490, 495 [1987]). Furthermore, viewing the evidence in the light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant also contends that he was illegally sentenced as a persistent violent felony offender (see generally Penal Law § 70.08). Defendant’s contention is premised on the fact that, on the same day, he was resentenced for a 2004 felony weapons possession offense after pleading guilty to a probation violation and was sentenced for a separate 2005 felony weapons possession offense. We reject defendant’s contention that the resentencing on the 2004 conviction “reset[ ] the controlling sentencing date for purposes” of determining whether the sentence of the 2004 conviction was imposed before commission of the 2005 felony (People v Davis, 93 AD3d 524, 524-525 [2012], lv denied 19 NY3d 995 [2012]; see § 70.08 [1] [b]; see also § 70.04 [1] [b] [ii]). We therefore conclude, contrary to defendant’s contention, that those crimes constitute separate predicate violent felonies, not a single predicate violent felony, for purposes of determining whether defendant was a persistent violent felony offender (see Davis, 93 AD3d at 524-525; People v Newton, 91 AD3d 1281, 1282 [2012], lv denied 19 NY3d 965 [2012]; see also People v Acevedo, 17 NY3d 297, 302 [2011]). We have reviewed defendant’s remaining contentions in his pro se supplemental brief with respect to his persistent violent felony offender status and conclude that they are without merit.
Present — Centra, J.P., Carni, Valentino and Whalen, JJ.