■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. EPPOLITO, Appellant. (Appeal No. 1.) [5 NYS3d 791]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered April 26, 2012. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment that, upon his admission to violating conditions of probation, revoked the sentence of probation imposed on his conviction of attempted aggravated criminal contempt (Penal Law §§ 110.00, 215.52 [1]) and sentenced him to a term of imprisonment. In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the second degree (§ 120.05 [2]). Defendant concedes in both appeals that he failed to preserve for our review his contention that the admission and guilty plea, respectively, were not knowing, voluntary or intelligent "inasmuch as [he] failed to move to withdraw [his] admission [or plea] on that ground" or to vacate either judgment (*People v Shaw*, 118 AD3d 1461, 1461 [2014], *lv denied* 24 NY3d 1005 [2014]; *see People v Russell*, 55 AD3d 1314, 1314-1315 [2008], *lv denied* 11 NY3d 930 [2009]; *see generally People v Lopez*, 71 NY2d 662, 665 [1988]). These cases do not fall within the narrow exception to the preservation requirement set forth in *Lopez* (71 NY2d at 666). Contrary to defendant's contention in appeal No. 2, he was properly sentenced as a second felony offender based on his conviction of attempted aggravated criminal contempt as a predicate felony (*see* Penal Law § 70.06 [1] [b] [ii]; *People v Newton*, 91 AD3d 1281, 1281 [2012], *lv denied* 19 NY3d 965 [2012]). Finally, we conclude that the sentences in both appeals are not unduly harsh or severe. Present—Smith, J.P., Valentino, Whalen and DeJoseph, JJ.