# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

407

KA 12-01055

PRESENT: SMITH, J.P., VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

ROBERT J. EPPOLITO, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

ANNA JOST, TONAWANDA, FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (WILLIAM G. ZICKL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered April 26, 2012. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment that, upon his admission to violating conditions of probation, revoked the sentence of probation imposed on his conviction of attempted aggravated criminal contempt (Penal Law §§ 110.00, 215.52 [1]) and sentenced him to a term of imprisonment. In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the second degree (§ 120.05 [2]). Defendant concedes in both appeals that he failed to preserve for our review his contention that the admission and guilty plea, respectively, were not knowing, voluntary or intelligent "inasmuch as [he] failed to move to withdraw [his] admission [or plea] on that ground" or to vacate either judgment (*People v Shaw*, 118 AD3d 1461, 1461, *lv denied* 24 NY3d 1005; *see People v Russell*, 55 AD3d 1314, 1314-1315, *lv denied* 11 NY3d 930; *see generally People v Lopez*, 71 NY2d 662, 665). These cases do not fall within the narrow exception to the preservation requirement set forth in *Lopez* (71 NY2d at 666). Contrary to defendant's contention in appeal No. 2, he was properly sentenced as a second felony offender based on his conviction of attempted aggravated criminal contempt as a predicate felony (*see* Penal Law § 70.06 [1] [b] [ii]; *People v Newton*, 91 AD3d 1281, 1281, *lv denied* 19 NY3d 965). Finally, we conclude that the sentences in both appeals are not unduly harsh or severe.

Entered: March 27, 2015                     Frances E. Cafarell
                                            Clerk of the Court