Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered April 26, 2012. The judgment revoked defendant’s sentence of probation and imposed a sentence of imprisonment.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment that, upon his admission to violating conditions of probation, revoked the sentence of probation imposed on his conviction of attempted aggravated criminal contempt (Penal Law §§ 110.00, 215.52 [1]) and sentenced him to a term of imprisonment. In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the second degree (§ 120.05 [2]). Defendant concedes in both appeals that he failed to preserve for our review his contention that the admission and guilty plea, respectively, were not knowing, voluntary or intelligent “inasmuch as [he] failed to move to withdraw [his] admission [or plea] on that ground” or to vacate either judgment (People v Shaw, 118 AD3d 1461, 1461 [2014], lv denied 24 NY3d 1005 [2014]; see People v Russell, 55 AD3d 1314, 1314-1315 [2008], lv denied 11 NY3d 930 [2009]; see generally People v Lopez, 71 NY2d 662, 665 [1988]). These cases do not fall within the narrow exception to the preservation requirement set forth in Lopez (71 NY2d at 666). Contrary to defendant’s contention in appeal No. 2, he was properly sentenced as a second felony offender based on his conviction of attempted aggravated criminal contempt as a predicate felony (see Penal Law § 70.06 [1] [b] [ii]; People v Newton, 91 AD3d 1281, 1281 [2012], lv denied 19 NY3d 965 [2012]). Finally, we conclude that the sentences in both appeals are not unduly harsh or severe.
Present — Smith, J.P., Valentino, Whalen and DeJoseph, JJ.