# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

608

KA 13-00521

PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DERRELL A.E., DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered October 3, 2012. The judgment convicted defendant, upon his plea of guilty, of robbery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the second degree (Penal Law § 160.10 [2] [b]). In appeal No. 2, defendant appeals from an adjudication that, upon his admission to violating conditions of probation, revoked the sentence of probation imposed on his prior youthful offender adjudication of attempted robbery in the third degree (§§ 110.00, 160.05) and sentenced him to a term of imprisonment. Defendant concedes in both appeals that he failed to preserve for our review his contention that the guilty plea and admission, respectively, were not knowing, voluntary or intelligent "inasmuch as [he] failed to move to withdraw [his] [plea or] admission on that ground" or to vacate the judgment or adjudication (*People v Shaw*, 118 AD3d 1461, 1461, *lv denied* 24 NY3d 1005; *see People v McKeon*, 78 AD3d 1617, 1618, *lv denied* 16 NY3d 799; *see generally People v Lopez*, 71 NY2d 662, 665). Contrary to defendant's contention in both appeals, neither case falls within the narrow exception to the preservation requirement set forth in *Lopez* (71 NY2d at 666). Finally, we conclude that the sentences in both appeals are not unduly harsh or severe.

Entered: May 8, 2015                                    Frances E. Cafarell
                                                       Clerk of the Court