People v Boyde (2024 NY Slip Op 00561)

People v Boyde

2024 NY Slip Op 00561

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, GREENWOOD, AND DELCONTE, JJ.

999 KA 21-01366

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHNNY BOYDE, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHNNY BOYD, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered August 5, 2021. The judgment convicted defendant upon his plea of guilty of failure to register or verify status as a sex offender. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of failure to register or verify his status as a sex offender by failing to personally appear for an updated photograph (Correction Law § 168-f [2] [b-2]). In appeal No. 2, defendant appeals from a judgment that, upon his admission to violating conditions of probation, revoked the sentence of probation imposed on his prior conviction of failure to register or verify his status as a sex offender by failing to register a change of address
(§ 168-f [4]). In appeal No. 3, defendant appeals from a judgment convicting him upon his guilty plea of failure to register or verify his status as a sex offender by failing to verify his address with law enforcement (§ 168-f [3]).
In appeal Nos. 1 and 3, defendant contends in his main and pro se supplemental briefs that his respective guilty pleas were not knowing, voluntary and intelligent and, in appeal No. 2, defendant contends in his main brief that his admission to a violation of probation was not knowing, voluntary and intelligent. In his main brief, defendant concedes in each of the appeals that he failed to preserve for our review his contention that the guilty pleas and admission were not knowing, voluntary or intelligent " 'inasmuch as [he] failed to move to withdraw [his] [pleas or] admission on that ground' " or to vacate the judgments (People v Derrell A.E., 128 AD3d 1536, 1536 [4th Dept 2015], lv denied 26 NY3d 928 [2015]; see generally People v Lopez, 71 NY2d 662, 665 [1988]). Moreover, none of these cases fall within the narrow exception to the preservation requirement (see Lopez, 71 NY2d at 666), and we decline to exercise our power to review defendant's contentions as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
In view of our determination to affirm the judgment in appeal No. 1, we reject defendant's contention in his main brief that the judgment in appeal No. 3 must be reversed on the ground that he pleaded guilty in appeal No. 3 based on the promised sentence in appeal No. 1 (see generally People v Collins, 167 AD3d 1493, 1498-1499 [4th Dept 2018], lv denied 32 NY3d 1202 [2019]; People v Roig, 117 AD3d 1462, 1463 [4th Dept 2014], lv denied 23 NY3d 1042 [2014]).
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court