People v O'Connor (2024 NY Slip Op 04039)

People v O'Connor

2024 NY Slip Op 04039

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, OGDEN, NOWAK, AND DELCONTE, JJ.

551 KA 20-00233

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ERIN O'CONNOR, DEFENDANT-APPELLANT. 

CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (PAUL J. WILLIAMS, III, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered December 20, 2019. The judgment convicted defendant, upon her plea of guilty, of grand larceny in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment that convicted her, upon her guilty plea, of grand larceny in the fourth degree (Penal Law § 155.30 [8]). We agree with defendant, and the People correctly concede, that her waiver of the right to appeal is invalid, inasmuch as Supreme Court's oral colloquy mischaracterized the waiver as an absolute bar to the taking of an appeal (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Cole, 181 AD3d 1329, 1330 [4th Dept 2020]; People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020]).
On the merits, defendant contends that her plea was not knowing, intelligent, and voluntary. Defendant correctly concedes that she failed to preserve that contention for our review, because she did not move to withdraw the plea or to vacate the judgment of conviction (see People v Boyde, 224 AD3d 1306, 1306-1307 [4th Dept 2024]; People v Derrell A.E., 128 AD3d 1536, 1536-1537 [4th Dept 2015], lv denied 26 NY3d 928 [2015]; see generally People v Lopez, 71 NY2d 662, 665 [1988]). Contrary to defendant's contention, this case does not fall within the narrow exception to the preservation requirement set forth in People v Lopez (71 NY2d at 666), and we decline to exercise our
power to review defendant's contention as a matter of discretion in the interests of justice (see CPL 470.15 [3] [c]).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court