People v Page (2025 NY Slip Op 02462)

People v Page

2025 NY Slip Op 02462

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, GREENWOOD, AND HANNAH, JJ.

202 KA 23-01272

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KRISTINA R. PAGE, DEFENDANT-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR DEFENDANT-APPELLANT.
BRITTANY GROME ANTONACCI, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered June 16, 2022. The judgment convicted defendant, upon her plea of guilty, of criminal sexual act in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon her plea of guilty, of criminal sexual act in the first degree (Penal Law former § 130.50 [3]). Defendant contends that her plea was not knowing, voluntary, and intelligent. Defendant failed to preserve her contention for our review inasmuch as she did not move to withdraw the plea or to vacate the judgment of conviction (see People v Boyde, 224 AD3d 1306, 1306-1307 [4th Dept 2024], lv denied 41 NY3d 1017 [2024]; People v Derrell A.E., 128 AD3d 1536, 1536-1537 [4th Dept 2015], lv denied 26 NY3d 928 [2015]; see generally People v Lopez, 71 NY2d 662, 665 [1988]). This case does not fall within the narrow exception to the preservation requirement set forth in People v Lopez (71 NY2d at 666), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]; People v O'Connor, 229 AD3d 1380, 1381 [4th Dept 2024]). Contrary to defendant's further contention, her bargained-for sentence is not unduly harsh or severe.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court