■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDALL E. BUSH, Appellant.—Main, J. Appeal from a judg-

ment of the County Court of Chemung County (Monroe, J.), rendered September 17, 1982, upon a verdict convicting defendant of the crime of criminal mischief in the third degree.

After being convicted of criminal mischief in the third degree, defendant appealed to this court, arguing, *inter alia,* that County Court erred in denying his *Sandoval* motion. Because County Court had failed to enunciate its reason for such denial, we withheld decision and remitted the matter to County Count so that it could place the reason for its *Sandoval* ruling on the record (112 AD2d 594). That court has now done so, explaining that it allowed the People to cross-examine defendant regarding a 1981 conviction on a harassment charge because defendant "did not demonstrate that the prejudicial effect of the admission of evidence thereof for impeachment purposes would so far outweigh the probative worth of such evidence in *[sic]* the issue of credibility as to warrant its exclusion". The burden was upon defendant to demonstrate that the prejudicial effect of admitting evidence of the prior conviction outweighed the probative worth of such evidence on the issue of credibility *(see, People v Sandoval,* 34 NY2d 371, 378; *People v Dodt,* 92 AD2d 1063, 1066, *revd on other grounds* 61 NY2d 408). On this record, we cannot say that County Court abused its discretion in concluding that defendant had failed to satisfy his burden *(see, People v Bennette,* 56 NY2d 142, 146; *People v La Bombard,* 99 AD2d 851, 853).

We likewise find no merit to defendant's contention that the evidence adduced at trial was insufficient to support the jury's verdict. Viewing the trial evidence in a light most favorable to the People *(see, People v Kennedy,* 47 NY2d 196, 203; *People v Hoffman,* 112 AD2d 588, 589), we find ample basis in the record to support the jury's finding that defendant was guilty of damaging the property of another person exceeding $250 in value *(see,* Penal Law § 145.05).

Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.