(March 12, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. COOK, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered May 10, 1984, upon a verdict convicting defendant of the crimes of criminal possession of a forged instrument in the second degree and grand larceny in the third degree.

This matter was previously before us (125 AD2d 822). It was remitted by us to County Court for an articulation on the record of the basis for its *Sandoval* ruling. We now hold that County Court's ruling permitting inquiry of defendant as to prior felony convictions occurring in the 1970's, without divulging their nature, was appropriate. The exclusion of prior convictions is largely a matter of discretion which rests with the trial court. Here, the court struck an appropriate balance in permitting testimony of defendant's prior convictions which were relevant to the question of defendant's credibility while foreclosing inquiry as to their nature in view of their similarity to the crimes for which defendant was standing trial, thereby avoiding any possible prejudice their disclosure might have to defendant.

Defendant raised several other issues on his original appeal, whose resolution was deferred pending remittur. We address ourselves to them now.

Defendant had worked for the Broome Legal Assistance Corporation (BLAC) as an unpaid volunteer. Defendant had access by key to BLAC's offices where he arrived before the rest of the staff. Defendant left at the end of May 1983 without notice. On May 31, 1983, a forged BLAC payroll check was presented at the Binghamton Savings Bank containing two forged authorizing signatures. The check was made out in the sum of $896 to defendant. It was partially deposited in defendant's checking account by use of defendant's storeteller card and $500 in cash was given to defendant. When arrested, defendant was in possession of the storeteller receipt evidencing the transaction in question. During an inventory search of defendant, other storeteller receipts and a check stub were found on defendant. No record of loss or theft of the storeteller card was ever registered by defendant with the bank. Defendant was convicted of possession of a forged instrument in the second degree and grand larceny in the third degree, and sentenced to 3½ to 7 years' imprisonment.

Defendant contends that the facts alleged in the search warrant seeking permission to search defendant's belongings with which he entered the jail were insufficient. The supporting affidavit made by the police officer disclosed that he received information of a stolen and forged check from private, identified citizens who had worked with defendant and from the bank employees where the check was negotiated. The officer secured information as to the bank account involved, the place where the check was negotiated, the name and the signature appearing on the check as payee. He learned, as

well, that the holder of the account had not reported any theft of the storeteller card. This information justified defendant's arrest. Armed with this information and buttressed by the listing of what was found in the inventory search of defendant, probable cause existed to believe that defendant's personal property might include receipts evidencing the bank transaction at issue here. The motion to suppress was properly denied by County Court.

Defendant asserts that the People have failed to prove beyond a reasonable doubt that he knowingly possessed a forged instrument. We disagree. The jury could infer from the surrounding circumstances that defendant knew that the check he possessed was forged (see, People v Barnes, 50 NY2d 375). At the time of his arrest, defendant was in possession of the storeteller card, storeteller receipts and stubs evidencing the transaction. He also had ready access to the room where BLAC's checks were stored. He spent two hours therein alone before other employees arrived on the scene. The key to the depository was left in the room. Defendant opened the account 11 days before the transaction. He left BLAC without explanation. The check was not executed in the normal fashion and the signatures thereon were not those of authorized personnel. Defendant was an unpaid volunteer and had no money due and owing him nor expectation of payment from BLAC. All these circumstances evidenced proof of guilt beyond a reasonable doubt.

Finally, defendant urges that County Court committed reversible error in suggesting to the prosecution that it reopen the case after the People had rested but before final arguments and submission of the matter to the jury. We disagree. The common-law power of the trial court to alter the order of proof in its discretion and in furtherance of justice remains with it at least up to the time the case is submitted to the jury (People v Olsen, 34 NY2d 349). Even though the need to reopen arose from the People's oversight and the motion to reopen resulted from the court's suggestion, defendant was not prejudiced. The proceeding occurred out of the jury's hearing and defendant was permitted to cross-examine the People's witness.

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.