■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL FULLWOOD SIMPSON, Appellant.—Main, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered April 28, 1986, upon a verdict convicting defendant of the crime of criminal mischief in the second degree.

After having worked for the complainant, Rudy Lutz, as a truck driver for 3½ weeks, defendant was fired by Lutz due to Lutz's dissatisfaction with defendant's performance. The firing occurred at Lutz's house immediately after defendant had finished making a delivery, and the truck which defendant had driven was parked in front of Lutz's house. Defendant apparently became irate and began swearing and making threats against Lutz, his wife and Lutz's trucks. Thereafter, Lutz directed defendant to remove his belongings from the truck and offered to drive him home. Lutz and his wife both saw defendant enter the truck and saw him emerge 8 to 10 minutes later with a blanket and a radio. After driving defendant home and calling another truck driver to come and move the truck, Lutz and the other driver discovered that the interior of the truck was extensively damaged. As a result, defendant was charged with and found guilty of criminal mischief in the second degree.

Prominent among defendant's claims on this appeal is his claim that the People failed to prove the value of the damaged property. Under Penal Law § 145.10, the elements of the crime of criminal mischief in the second degree are (1) intent to damage the property; (2) actual damage to tangible property of another person; (3) no reasonable ground for belief of a right to damage the property; and (4) damage to the property in excess of $1,500 (see, Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 145.00, at 65). Thus, unlike grand larceny (see, Penal Law §§ 155.30, 155.35, 155.40), the value of the damaged property is not an element of the crime, and the definition of value for purposes of larceny (see, Penal Law § 155.20) is not specifically applicable to the crime of criminal mischief. To the extent that it is necessary to demonstrate the value of damaged property for criminal mischief purposes (i.e., to show that the value of the property prior to the infliction of damage was not less than the amount of damage necessary to convict a defendant of criminal mischief in the second degree), it is sufficient to define value in terms of the cost of repair of the property, so long as the property is repairable (see, 8 Zett, NY Crim Pro, Penal Law ¶ 73.2 [2]). Such was done here; the evidence showed that the truck was repairable and was repaired and that the cost of repairing the truck exceeded $1,500. Accordingly, the People have sufficiently demonstrated the amount of damage to the truck.

Defendant also contends that County Court erred in permitting Lutz to testify concerning defendant's swearing and threats and concerning an incident that occurred while Lutz was driving defendant home in which defendant removed the keys from Lutz's vehicle to prevent Lutz from leaving defendant. According to defendant, this testimony constituted evidence of uncharged crimes and was highly prejudicial. We find no error in the admission of this testimony. Evidence of uncharged crimes is admissible when it is "inextricably interwoven" with the admissible evidence; that is to say, the evidence is explanatory of acts done or words used in the admissible parts of the evidence and it is necessary for a full comprehension of directly related evidence (see, People v Ely, 68 NY2d 520, 529-531). Moreover, evidence of uncharged crimes may be admitted to show, inter alia, a defendant's intent or motive to commit a crime (see, People v Lewis, 69 NY2d 321, 325). Here, not only were the swearing, threats and key taking incident interwoven with Lutz's recitation of the evening's events, but this evidence is particularly relevant

with regard to defendant's state of mind; it relates to defendant's intent and motive to damage Lutz's truck. Therefore, the testimony was properly permitted.

With respect to County Court's *Sandoval* ruling, we note that the exclusion of a defendant's prior convictions is largely a matter of discretion resting with the trial court *(People v Cook,* 128 AD2d 948), and the defendant bears the burden of demonstrating that the prejudicial effect of admitting evidence of the prior convictions outweighs their probative value *(People v Bush,* 119 AD2d 896, 897). Defendant made no showing whatsoever in this regard. Moreover, the crimes which County Court deemed admissible do relate to defendant's credibility and self-interest, and we find no abuse of discretion in County Court's ruling.

We also find no error in County Court's jury instructions. Contrary to defendant's assertions, it is not necessary for the court giving a circumstantial evidence charge to specifically state that "[t]he circumstantial facts proved must exclude to a moral certainty every hypothesis but guilt" (1 CJI[NY] 9.05, at 475); the court simply must instruct the jury that: "it must appear that the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence" *(People v Sanchez,,* 61 NY2d 1022, 1024). County Court's circumstantial evidence charge met this standard. With respect to County Court's refusal to give an "unable to agree" transitional charge, by which the jury would be permitted to proceed to consider a lesser included offense if it could not agree on a verdict as to the greater offense, we note that the Court of Appeals has rejected such a transitional charge and specifically approved a charge such as that given in this case, that the jury must first find defendant not guilty of the greater offense before considering the lesser included offense *(see, People v Boettcher,* 69 NY2d 174, 183). Finally, County Court properly refused to charge the jury with criminal mischief in the fourth degree (Penal Law § 145.00) as a lesser included offense, since there is no reasonable view of the evidence to support a finding that the damage inflicted by defendant was less than $250 *(see, People v Glover,* 57 NY2d 61, 64). We find defendant's remaining contentions to be without merit or unpreserved for our review.

Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.