■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD FLOYD, Appellant. [644 NYS2d 199]

Viewing the evidence in a light most favorable to the People (*People v Contes*, 60 NY2d 620, 621), it was legally sufficient to establish defendant's guilt of criminal mischief in the second degree. Moreover, the verdict was not against the weight of the evidence. The testimony of the prosecution witnesses as to the cost of repairing and restoring the apartment, in which defendant admitted setting a fire, was neither speculative nor merely a general approximation, despite the prior deteriorating condition of the apartment (*cf., People v Brantley*, 186 AD2d 1036, *lv denied* 81 NY2d 785) and such costs far exceeded the statutory threshold of $1,500 (Penal Law § 145.10).

Defendant's challenge to the propriety of the court's responses to requests from the jury has not been preserved for appellate review (CPL 470.05 [2]), and we decline to review it in the interest of justice. Were we to review it, we would find the court complied with its obligation to respond meaningfully to the jury's inquiries (CPL 310.30; *People v Almodovar*, 62 NY2d 126, 131-132). Defendant's unpreserved challenge to the expert testimony of the Fire Marshal is likewise without merit, because the testimony did not impermissibly invade the province of the jury (*People v Cronin*, 60 NY2d 430).

We perceive no abuse of discretion in sentencing.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Rubin and Kupferman, JJ.