■ The People of the State of New York, Respondent, v Johnny White, Appellant. [813 NYS2d 718]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered January 27, 2003, convicting defendant, after a jury trial, of criminal mischief in the third degree and petit larceny, and sentencing him, as a persistent felony offender, to an aggregate term of 15 years to life, unanimously affirmed.

The testimony of the victim regarding the actual cost of repairing the damaged property was sufficient to establish that the damage defendant caused was in excess of $250, as required by Penal Law § 145.05 (2). The victim's testimony as to the cost of replacing the car window was not hearsay, but was her present recollection, as refreshed by a document (*see* Prince, Richardson on Evidence § 6-214 [Farrell 11th ed]). Defendant's argument, made for the first time in a motion to set aside the verdict, that the People failed to establish the reasonableness of the cost of repair, is unpreserved (*People v Padro*, 75 NY2d 820 [1990]), and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. There is nothing in the evidence to suggest that there was anything unreasonable about the cost of the repair, which was almost twice the statutory threshold (*see People v Floyd*, 228 AD2d 308 [1996], *lv denied* 88 NY2d 1020 [1996]).

The court properly exercised its discretion in sentencing defendant as a persistent violent felony offender. Defendant's constitutional challenge to the procedure under which he was thus sentenced is unpreserved for appellate review and, in any event, is without merit (*see People v Rivera*, 5 NY3d 61 [2005], *cert denied* — US —, 126 S Ct 564 [2005]; *People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Defendant's other claims of procedural defect in sentencing are likewise unpreserved and without merit (*see e.g. People v Brown*, 306 AD2d 12, 13-14 [2003], *lv denied* 100 NY2d 592 [2003]). Concur—Mazzarelli, J.P., Saxe, Sullivan, Nardelli and Williams, JJ.