◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY CHANDLER, Appellant. [829 NYS2d 82]—Judgment, Supreme Court, New York County (Gregory Carro, J., on motion; Michael Ambrecht, J., at jury trial and sentence), rendered May 5, 2004, convicting defendant of grand larceny in the fourth degree (three counts), criminal mischief in the third degree and auto stripping in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.

The court properly denied, without a hearing, defendant's motion to suppress physical evidence. Defendant's motion papers alleging that "at the time in question he had not done anything to give rise to probable cause for a stop much less a search" did not raise a factual issue to be resolved at a hearing (*People v Mendoza*, 82 NY2d 415, 427 [1993]).

Defendant did not preserve his claim that the prosecutor's reference in his opening statement to a witness who ultimately did not testify was made in bad faith and unduly prejudiced him, and we decline to review it in the interest of justice. Were we to review this claim, we would find no basis for reversal (*see People v De Tore*, 34 NY2d 199, 207 [1974], *cert denied sub nom. Wedra v New York*, 419 US 1025 [1974]).

Defendant's challenge to the sufficiency of the evidence supporting his criminal mischief conviction is without merit (*see People v White*, 29 AD3d 329 [2006], *lv denied* 7 NY3d 796 [2006]). Concur—Tom, J.P., Friedman, Sullivan, Nardelli and Catterson, JJ.