■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
PATTI R. VALENTIN, Appellant. [943 NYS2d 309]—

Garry, J. Appeal from a judgment of the Supreme Court
(Lawliss, J.), rendered February 7, 2011 in Clinton County, upon
a verdict convicting defendant of the crimes of assault in the
third degree, attempted assault in the third degree, endanger-
ing the welfare of a child (two counts) and criminal possession
of a weapon in the fourth degree.

In August 2010, defendant allegedly struck her daughter
(born in 2003) several times with an electronic charger cable
and kicked her son (born in 2002) in the eye. Defendant was
thereafter charged with assault in the third degree (two counts),
endangering the welfare of a child (two counts) and criminal
possession of a weapon in the fourth degree. During a jury trial
in the Integrated Domestic Violence Part of Supreme Court, the
court partially granted defendant's trial motion to dismiss by
reducing the charge pertaining to the son from assault in the
third degree to attempted assault in the third degree. Defend-
ant was convicted of this reduced charge and the remaining
charges, and was sentenced to three concurrent nine-month
terms of incarceration and two concurrent 90-day terms of
incarceration to be served consecutively to the nine-month
terms.

Defendant appeals, asserting that the convictions are against
the weight of the evidence as the children sustained their
injuries accidentally while they were in a babysitter's care. In
evaluating this claim where, as here, a different verdict would
not have been unreasonable, this Court "must, like the trier of
fact below, weigh the relative probative force of conflicting
testimony and the relative strength of conflicting inferences
that may be drawn from the testimony" (*People v Romero,* 7
NY3d 633, 643 [2006] [internal quotation marks and citation
omitted]; *see People v Gragnano,* 63 AD3d 1437, 1440-1441
[2009], *lv denied* 13 NY3d 939 [2010]). Essentially, defendant
challenges her daughter's credibility.

The daughter testified that, on the day of the incident, de-
fendant punished her for failing to clean her room by striking
her four times with the plug portion of a Nintendo charger
cord, and that, on the same day, defendant punished the son by
making him do pushups and, while he did so, defendant kicked
him in the eye. She testified that defendant instructed her not

to tell her father what had happened, and to tell him that the bruises on her back had been incurred at the babysitter's house. The daughter further testified that she had also scratched her back at the babysitter's house, a separate injury. The babysitter testified that the son and daughter were jumping on a mattress at her home when the son struck his eye on the bed, causing a mark and swelling. Soon thereafter, the daughter reported that she had scratched her back. The babysitter lifted the daughter's shirt to examine this injury and saw, in addition to scratches on her upper back or underarm, bruises "already there" in a straight line across her lower back as well as red marks that the babysitter described as "strawberry blotches" on her rib cage. This testimony was supported by photographs taken by a caseworker several days later showing a line of bruises on the daughter's lower back and the caseworker's testimony as to her observations of these injuries. Defendant contends that all of the daughter's injuries must have been sustained at the babysitter's house, based upon testimony from her grandparents that they saw her playing comfortably earlier in the day with no sign of discomfort or distress. However, this Court accords great deference to the jury's opportunity to hear the testimony of witnesses and its resulting assessments of their credibility. Viewing the evidence in a neutral light, we cannot say that the verdict was against the weight of the evidence (*see People v Romero*, 7 NY3d at 644-645; *People v McCoy*, 89 AD3d 1218, 1221 [2011]; *People v Soulia*, 263 AD2d 869, 872 [1999], *lv denied* 94 NY2d 829 [1999]).

Next, defendant contends that her conviction of assault in the third degree was not supported by legally sufficient evidence that the daughter suffered a physical injury (*see* Penal Law § 120.00 [1]). Defendant failed to preserve this claim by renewing her trial motion to dismiss following her presentation of evidence (*see People v Hines*, 97 NY2d 56, 62 [2001]; *People v Fisher*, 89 AD3d 1135, 1136 [2011], *lv denied* 18 NY3d 883 [2012]). In any event, we find no reason to disturb the jury's conclusion that the daughter suffered "substantial pain" (Penal Law § 10.00 [9]; *see People v Chiddick*, 8 NY3d 445, 447 [2007]; *People v Rivera*, 42 AD3d 587, 588 [2007], *lv denied* 9 NY3d 880 [2007]; *People v Williamson*, 21 AD3d 575, 575-576 [2005], *lv denied* 6 NY3d 761 [2005]).

Mercure, J.P., Lahtinen, Spain and McCarthy, JJ., concur. Ordered that the judgment is affirmed.