## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  July 31, 2014                    105780
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

CHRISTOPHER A. FOMBY,
                        Appellant.
_____

Calendar Date:   June 9, 2014

Before:  Stein, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

_____

        Donna C. Chin, Ithaca, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (Damian M.
Sonsire of counsel), for respondent.

_____

        Appeal from a judgment of the County Court of Chemung
County (Hayden, J.), rendered February 4, 2013, which resentenced
defendant following his conviction of the crimes of burglary in
the second degree and grand larceny in the fourth degree.

        Following a jury trial, defendant was convicted of burglary
in the second degree and grand larceny in the fourth degree.  He
was sentenced as a persistent violent felony offender to an
aggregate prison term of 20 years to life, to run concurrently to
his sentence on another conviction.  This Court upheld the
judgment of conviction, but remitted the matter for resentencing
(101 AD3d 1355 [2012]) because defendant's other conviction was
reversed (People v Fomby, 103 AD3d 28 [2012], lv denied 21 NY3d
1015 [2013]).  Upon remittal, County Court resentenced defendant
as a persistent violent felony offender to an aggregate prison
term of 18 years to life.  Defendant now appeals.

        Defendant's sole contention is that the term of imprisonment imposed upon resentencing is harsh and excessive. Based upon our review of the record, we disagree.  Defendant has a lengthy criminal record, characterized by numerous burglaries and other theft-related crimes. The minimum prison term required by statute for a persistent violent felony offender convicted of a class B felony is 16 years (see Penal Law § 70.08 [3] [b]). County court duly accounted for the reversal of defendant's other criminal conviction by reducing the minimum prison term from 20 to 18 years.  We find no abuse of discretion nor any extraordinary circumstances warranting a further reduction of the sentence in the interest of justice (see People v Jackson, 2 AD3d 893, 897 [2003], lv denied 1 NY3d 629 [2004]; People v Colantonio, 277 AD2d 498, 501 [2000], lv denied 96 NY2d 781 [2001]).

        Stein, J.P., Garry, Egan Jr., Lynch and Clark, JJ., concur.


        ORDERED that the judgment is affirmed.




                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court