*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 21, 2015                    105624
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

WAYNE E. HICKS,
                        Appellant.
_____


Calendar Date:  March 25, 2015

Before:  Lahtinen, J.P., McCarthy, Garry and Lynch, JJ.

                        _____


        Michael P. Graven, Owego, for appellant.

        Gerald F. Mollen, District Attorney, Binghamton, for
respondent.


                        _____


Lynch, J.

        Appeal from a judgment of the County Court of Broome County
(Smith, J.), rendered October 24, 2012, upon a verdict convicting
defendant of the crimes of assault in the second degree, assault
in the third degree and petit larceny.

        In October 2011, two police officers, Jared Fiacco and
Joseph Kennedy, responded to a 911 call reporting a robbery in
progress at a retail store.  After learning that the suspects had
just left the store, Fiacco followed defendant and his companion
through the parking lot, ordering them to stop.  Instead, the men
got into a vehicle, with defendant behind the wheel.  Fiacco
positioned himself in front of the vehicle, as Kennedy arrived
and stood near the driver's side door.  Both officers, with guns
drawn, demanded that the men exit the vehicle.  Instead, as

described by Kennedy, "[defendant] look[ed] up at me, we actually made eye contact" and then "he [put] the car in gear and stomped on the gas." The vehicle struck Fiacco as the officers fired their weapons. Defendant was shot multiple times while Fiacco sustained a leg injury.

Defendant was charged by indictment with two counts of assault in the second degree and petit larceny. After a jury trial, defendant was convicted of assault in the second degree, assault in the third degree — as a lesser included offense of the second count of assault in the second degree — and petit larceny. Defendant was sentenced to an aggregate prison term of six years followed by three years of postrelease supervision. Defendant appeals.

We affirm. Contrary to defendant's argument, we find that the evidence was legally sufficient to establish that Fiacco sustained a physical injury as an element of each assault conviction (see Penal Law §§ 120.05 [3]; 120.00 [2]). Physical injury, as used in the Penal Law, is defined as an "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). To meet the statutory pain threshold, the pain must be "more than slight or trivial" but need not be "severe or intense" (People v Chiddick, 8 NY3d 445, 447 [2007]; see People v Williams, 46 AD3d 1115, 1115 [2007], lv denied 10 NY3d 818 [2008]; People v Rivera, 42 AD3d 587, 588 [2007], lv denied 9 NY3d 880 [2007]). Pertinent factors in identifying a physical injury include "the injury viewed objectively, the victim's subjective description of the injury and [his or her] pain, and whether the victim sought medical treatment" (People v Rivera, 42 AD3d at 588).

Viewing the evidence in the light most favorable to the People, as required for a legal sufficiency challenge (see People v Danielson, 9 NY3d 342, 349 [2007]), the evidence establishes that Fiacco was struck by defendant's vehicle in the right leg below the knee and thrown to the passenger side of the vehicle. Fiacco was able to participate in completing the arrest, but after returning to the police station, he observed that his right shin was "raised and red" and "extremely tender to the touch." Later that evening, Fiacco went to the emergency room, where he reported having difficulty walking and described the pain to the

emergency room physician as an 8 on a scale of 1 to 10. The physician described Fiacco's injury as a contusion, with slight swelling, and prescribed pain medication. Fiacco testified regarding the pain and that his difficulty walking lasted for several days. In our view, this evidence was legally sufficient to support the jury's finding that Fiacco suffered a physical injury during the episode in question.

Defendant further asserts that the weight of the evidence fails to support either assault conviction since there was no showing that defendant intended to cause physical injury to Fiacco. The argument misses the mark and is without merit. The felony assault conviction required proof that defendant intended to prevent a police officer from performing a lawful duty, not intent to cause physical injury to the officer (see Penal Law § 120.05 [3]). By acknowledging that he was attempting to flee the scene, and without disputing the petit larceny charge, the jury could reasonably conclude that defendant intended to prevent the officers from effecting an arrest when he accelerated the vehicle. For the misdemeanor assault, the People were required to prove that defendant recklessly caused physical injury to Fiacco, not that he intended to do so (see Penal Law § 120.00 [2]). To this end, the People were required to establish that defendant "[was] aware of and consciously disregard[ed] a substantial and unjustifiable risk" that was of "such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation" (Penal Law § 15.05 [4]). Both officers and a bystander testified that Fiacco stood directly in front of and within a few feet of defendant's vehicle when defendant accelerated the vehicle striking him. Moreover, forensic testimony was introduced showing that portions of the bumper and hood were clean, consistent with Fiacco's testimony that he placed his hand on the hood and fell to the passenger side as the vehicle drove forward. Although defendant maintains that the evidence shows that he did not strike Fiacco with his vehicle and that he was attempting to avoid the officers by driving to the left, we conclude that the weight of the evidence supports the jury's determination that defendant acted recklessly (see People v Powell, 101 AD3d 1369, 1370 [2012], lv denied 21 NY3d 1019 [2013]; People v Heier, 90 AD3d 1336, 1338 [2011], lv denied 18

NY3d 994 [2012]; People v Van Guilder, 29 AD3d 1226, 1228 [2006]).

Finally, defendant's assertion that the sentence is harsh and excessive is unpersuasive.  The sentence imposed was within the statutory range and, given the flagrant circumstances of this case, coupled with defendant's extensive criminal history, we find no convincing basis to disturb the sentence (see People v McCray, 96 AD3d 1160, 1161-1162 [2012], lv denied 19 NY3d 1104 [2012]; People v Williams, 89 AD3d 1222, 1224 [2011], lv denied 18 NY3d 887 [2012]).

Lahtinen, J.P., McCarthy and Garry, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court