*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 11, 2015                105990
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                  MEMORANDUM AND ORDER

IVAN RAMOS,
                    Appellant.
_____

Calendar Date:  April 20, 2015

Before:  Lahtinen, J.P., Rose, Devine and Clark, JJ.

_____

        Joseph Nalli, Fort Plain, for appellant.

        James E. Conboy, District Attorney, Fonda (Kelli P. McCoski
of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Montgomery
County (Catena, J.), rendered February 5, 2013, upon a verdict
convicting defendant of the crimes of burglary in the first
degree (two counts) and robbery in the first degree (two counts).

        At approximately 2:00 a.m. on November 29, 2011, two men
committed a home invasion robbery at an apartment in the City of
Amsterdam, Montgomery County.  One of the residents was locking
the doors to the apartment and, while he was doing so, observed
two masked men on the back porch.  The men, brandishing a shotgun
and a knife, forced their way past the resident and stole various
items from the apartment.  Defendant was identified as one of the
perpetrators and was thereafter charged in an indictment with two
counts each of burglary in the first degree and robbery in the

first degree.  Following a jury trial, he was convicted as charged.  County Court sentenced him, as a second violent felony offender, to an aggregate prison term of 25 years to be followed by postrelease supervision of five years.  Defendant now appeals.

Defendant does not dispute that the home invasion occurred. He instead asserts that the proof identifying him as one of the perpetrators was wanting, and that his convictions were accordingly unsupported by legally sufficient evidence and were against the weight of the evidence.  Initially, defendant preserved his legal sufficiency argument "by his motion for dismissal at the close of the People's case addressing the claimed deficiencies in the evidence" (People v Acevedo, 118 AD3d 1103, 1104 [2014]; see People v Gray, 86 NY2d 10, 19 [1995]). Turning to the merits of that argument, three of the four residents of the apartment testified at trial.  The three residents had ample opportunity to observe the two assailants, one of whom was a tall man wearing an orange ski mask.  The three residents had all encountered defendant before and identified him as the man in the orange ski mask, noting his size, distinctive eyes and deep voice.  The People also presented the testimony of Mario Rios, who had previously dated defendant's sister.  Rios has an extensive criminal history, and a coworker implied that he had committed the home invasion with defendant.  Rios angrily demanded an explanation from defendant, who indicated that he "had a little something set up" and described details regarding the incident.

Viewing this evidence in the light most favorable to the People, we have no difficulty concluding that "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury" (People v Bleakley, 69 NY2d 490, 495 [1987]; see People v Gordon, 101 AD3d 1473, 1476-1477 [2012]; People v Laurey, 24 AD3d 1107, 1109 [2005], lv denied 6 NY3d 815 [2006]).  Defendant cross-examined the three residents regarding the basis for their identifications, and strenuously attacked the credibility of Rios given his motivations to implicate defendant.  Nevertheless, "[e]valuating the evidence in a neutral light, weighing the probative force of the conflicting testimony and considering the relative strength of the inferences to be drawn therefrom, while

giving due deference to the jury's credibility determinations, we find that the jury's verdict is supported by the weight of the evidence" (People v Robles, 115 AD3d 30, 33 [2014], lv denied 22 NY3d 1202 [2014] [internal quotation marks and citations omitted]; see People v Gordon, 101 AD3d at 1476-1477).

Defendant made no objection to the Sandoval ruling at the close of the hearing on that issue and, as such, his present challenge to the ruling is unpreserved (see People v Burch, 97 AD3d 987, 990 [2012], lv denied 19 NY3d 1101 [2012]; People v Phillips, 55 AD3d 1145, 1147-1148 [2008], lv denied 11 NY3d 899 [2008]). Lastly, given defendant's eventful criminal history and his failure to accept responsibility for his role in these violent crimes, the sentence imposed was not harsh or excessive (see People v Fomby, 119 AD3d 1293, 1293 [2014]; People v Bush, 75 AD3d 917, 920 [2010], lv denied 15 NY3d 919 [2010]).

Lahtinen, J.P., Rose and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court