*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 5, 2017                    107583
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

              v                              MEMORANDUM AND ORDER

DEVANTE CHIRSE,
                        Appellant.
_____

Calendar Date:  November 15, 2016

Before:  Garry, J.P., Egan Jr., Devine, Clark and Mulvey, JJ.

_____

        Theodore J. Stein, Woodstock, for appellant.

        P. David Soares, District Attorney, Albany (Michael C.
Wetmore of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Albany County
(Lynch, J.), rendered April 24, 2015, upon a verdict convicting
defendant of the crimes of criminal sexual act in the first
degree (three counts) and criminal sexual act in the second
degree (three counts).

        Defendant, then 21 years of age, allegedly forced the
victim, then 13 years of age, to fellate him on three occasions
in February 2014.  The victim disclosed the abuse to her mother
shortly after the third incident, at which point the authorities
were summoned.  The ensuing investigation ended in defendant
being indicted on three counts of criminal sexual act in the
first degree and three counts of criminal sexual act in the

second degree.  A jury found him guilty as charged.  County Court imposed concurrent sentences on each count that resulted in an aggregate prison sentence of 10 years to be followed by postrelease supervision of 20 years.  Defendant now appeals.

Defendant's initial contention that the verdict was not based upon legally sufficient "evidence is unpreserved for our review inasmuch as he presented evidence after his unsuccessful motion to dismiss and failed to renew that motion at the close of all proof" (People v Peterkin, 135 AD3d 1192, 1192 [2016]; see People v Lane, 7 NY3d 888, 889 [2006]).  Nevertheless, "since defendant also argues that the verdict was against the weight of the evidence, which does not require preservation, we will consider the evidence adduced as to each of the elements of the challenged crimes in the context of that review" (People v Race, 78 AD3d 1217, 1219 [2010] [internal quotation marks and citation omitted], lv denied 16 NY3d 835 [2011]; see People v Simmons, 135 AD3d 1193, 1195 [2016], lv denied 27 NY3d 1006 [2016]).  Turning to that analysis, acquittal was a reasonable possibility due to the conflicting accounts provided by defendant and the victim and the lack of physical evidence to corroborate the victim's claims, and we are therefore obliged to "weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions[, deciding] whether the jury was justified in finding . . . defendant guilty beyond a reasonable doubt" (People v Danielson, 9 NY3d 342, 348 [2007]; see People v Kancharla, 23 NY3d 294, 303 [2014]; People v Simmons, 135 AD3d at 1195).

The victim testified in detail as to three incidents in February 2014 wherein defendant came into her bedroom and forced her to perform oral sex on him.  She told her younger sister about the first incident soon after it occurred but ordered her sister not to tell their mother, a point corroborated by the sister.  The victim further testified that she drafted a letter to her mother disclosing the abuse that she placed in her jewelry box and that, the day after the third incident, she text messaged her mother with instructions to read the letter.  The victim's mother testified to contacting the police upon reading the letter.  No physical evidence existed to support the victim's claims, but the People submitted proof that this was to be

expected due to a variety of factors, including the delay in disclosing the abuse. County Court also appropriately allowed the jury to hear testimony from a physician who related statements made by the victim that furthered his performance of a sexual abuse examination (see People v Spicola, 16 NY3d 441, 451 [2011], cert denied ___ US ___, 132 S Ct 400 [2011]), as well as that of a psychologist who explained in general why a child might fail to promptly disclose sexual abuse (see People v Nicholson, 26 NY3d 813, 828 [2016]; see also People v Duchowney, 166 AD2d 769, 771 [1990]). Defendant endeavored to call the victim's account into question, denied that he had abused her and offered far-from-conclusive proof that he was elsewhere when some of the incidents allegedly occurred. The jury, however, credited the account given by the victim. Deference is owed to that credibility determination and, after weighing the conflicting proof ourselves, we cannot say that the verdict was against the weight of the evidence (see People v Knapp, 138 AD3d 1157, 1158 [2016]; People v Adams, 135 AD3d 1154, 1156 [2016], lv denied 27 NY3d 990 [2016]).

Defendant's remaining claims may be briefly disposed of. He argues that he was improperly excluded from a conference to formulate the charge to the jury. Even if he had not waived his right to attend all sidebar conferences, his presence would still have been superfluous at that conference, which "involved only questions of law or procedure" (People v Velasco, 77 NY2d 469, 472 [1991]; see People v Horan, 290 AD2d 880, 884 [2002], lv denied 98 NY2d 638 [2002]). Defendant was sentenced to serve several terms of postrelease supervision that merged as a matter of law and, contrary to his contention, no confusion upon that point exists in the record (see Penal Law § 70.45 [5] [c]). Remittal is not required to correct an error on the uniform sentence and commitment form regarding a shorter term of postrelease supervision that was subsumed by a longer one (see People v Dukes, 14 AD3d 732, 733 [2005], lv denied 4 NY3d 885 [2005]).

Garry, J.P., Egan Jr., Clark and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.


                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court