■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. STACCONI, Appellant. [58 NYS3d 201]—

Aarons, J. Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered April 14, 2015, upon a verdict convicting defendant of the crimes of criminal mischief in the second degree and criminal possession of a weapon in the third degree.

In March 2013, Jessica Parsons was at a bar with her friend, Robert Covello. After they left the bar, Parsons went to her car, at which time she saw something move in her car. The car's rear window then shattered and defendant climbed out of the car. Parsons told Covello, who was by his own vehicle, about what she just saw. Covello chased defendant and subdued him until police officers arrived. Defendant was subsequently charged in a two-count indictment with criminal mischief in

the second degree and criminal possession of a weapon in the third degree. After a jury trial, defendant was convicted on both charges and was sentenced on each conviction to concurrent prison terms of 3½ to 7 years. Defendant appeals. We affirm.

To the extent that defendant argues that the evidence with respect to the conviction for criminal mischief in the second degree was not legally sufficient, such argument is unpreserved for review given that defendant made only a general motion to dismiss after the People rested (*see People v Thorpe*, 141 AD3d 927, 928 [2016], *lv denied* 28 NY3d 1031 [2016]; *People v Farnham*, 136 AD3d 1215, 1215 [2016], *lv denied* 28 NY3d 929 [2016]). Because defendant also contends that this conviction was against the weight of evidence, we necessarily review the evidence adduced as to each element of the crime for which defendant was convicted (*see People v Mould*, 143 AD3d 1186, 1186 [2016], *lv denied* 28 NY3d 1187 [2017]; *People v Williams*, 138 AD3d 1233, 1234 [2016], *lv denied* 28 NY3d 939 [2016]).*
Where, as here, an acquittal would not have been unreasonable, we must "weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (*People v Danielson*, 9 NY3d 342, 348 [2007]; *see People v Chirse*, 146 AD3d 1031, 1032 [2017], *lv denied* 29 NY3d 947 [2017]). Criminal mischief in the second degree requires that the People prove that the defendant, "with intent to damage property of another person, and having no right to do so nor any reasonable ground to believe that he [or she] has such right, . . . damages property of another person in an amount exceeding [$1,500]" (Penal Law § 145.10; *see People v Simpson*, 132 AD2d 894, 895 [1987], *lv denied* 70 NY2d 937 [1987]).

At trial, Parsons testified that she was in a bar with Covello. Near the bar's closing time, Parsons heard her car alarm go off. She thought that she accidentally hit the panic button on her car keys, so she reached in her purse for the keys and silenced the alarm. Approximately 15 minutes later, Parsons and Covello left the bar and went to their respective cars. Parsons was halfway into her car when she checked the back of her car. She testified that she saw "something move" and she "screamed." Parsons stated that she "heard glass shatter" and explained that she saw the "back window being kicked out." Parsons then saw defendant jump out of the car. Parsons ran

---

* Defendant does not challenge the legal sufficiency or weight of the evidence as it pertains to the conviction for criminal possession of a weapon in the third degree.

to Covello's car and told him what happened. Covello testified that after Parsons got his attention, he saw defendant crawling out of Parsons' car. According to Covello, defendant pulled a "box cutter razor knife" and waved it at him. Defendant then ran away and Covello chased him. Covello testified that he eventually caught up to defendant and hit him with a porch railing. Covello subdued defendant until the police arrived.

Regarding the damage to her car, Parsons testified that there was damage to the back window and the back passenger door and that "there [were] scratches . . . pretty much on all doors." Parsons also described that there was "a half moon shape[ ] . . . like a big hole" on the passenger side door. Parsons stated that these damages were not present on her car prior to this incident, and she did not give anyone permission to damage or be in her car. Covello, who was a mechanic, stated that the cost to fix the damage was "[d]efinitely more than $1,500." According to the appraiser from Parsons' automobile insurer, whose claim summary and written estimate were admitted into evidence, it would cost over $4,500 to restore Parsons' car to its pre-loss condition.

In view of the foregoing, we are unpersuaded by defendant's argument that the conviction for criminal mischief in the second degree was against the weight of the evidence (see People v Hodges, 66 AD3d 1228, 1230-1231 [2009], lv denied 13 NY3d 939 [2010]). Nor do we find any merit in defendant's contention that the People failed to prove that the amount of damage to Parsons' car exceeded $1,500 (see People v Gray, 30 AD3d 771, 772 [2006], lv denied 7 NY3d 848 [2006]; People v Floyd, 228 AD2d 308, 309 [1996], lv denied 88 NY2d 1020 [1996]; People v Simpson, 132 AD2d at 895).

Defendant's challenge to County Court's Sandoval ruling is unpreserved for review in the absence of an objection thereto at the close of the Sandoval hearing (see People v Ramos, 129 AD3d 1205, 1207 [2015], lv denied 26 NY3d 971 [2015]; People v Phillips, 55 AD3d 1145, 1147-1148 [2008], lv denied 11 NY3d 899 [2008]). Defendant's assertion that the People committed a Brady violation by waiting until the eve of trial to inform him that local police officers never recovered surveillance footage from the bar is likewise unpreserved for review (see People v Hotaling, 135 AD3d 1171, 1172 [2016]). In any event, the record is bereft of any evidence indicating that the alleged surveillance video was in the custody, possession or control of the People (see People v Thornton, 141 AD3d 936, 938-939 [2016], lv denied 28 NY3d 1151 [2017]) or that it even existed (see People v Brockway, 148 AD3d 1815, 1816-1817 [2017]; People v

*Moore,* 244 AD2d 776, 777 [1997], *lv denied* 91 NY2d 975 [1998]).

Finally, we reject defendant's contention that his sentence was harsh and excessive because it exceeded what the People offered during pretrial plea negotiations (*see People v Foulkes,* 117 AD3d 1176, 1177 [2014], *lv denied* 24 NY3d 1084 [2014]). Furthermore, in light of defendant's extensive criminal history, we find no extraordinary circumstances or an abuse of discretion warranting a reduction of the imposed sentence (*see People v Cox,* 146 AD3d 1154, 1155 [2017]; *People v Ackerman,* 141 AD3d 948, 951 [2016], *lv denied* 28 NY3d 1181 [2017]; *People v Anderson,* 104 AD3d 968, 972 [2013], *lv denied* 21 NY3d 1013 [2013]).

Peters, P.J., Garry, Devine and Mulvey, JJ., concur. Ordered that the judgment is affirmed.