People v Bombard (2018 NY Slip Op 01500)





People v Bombard


2018 NY Slip Op 01500


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

107241

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KENNETH W. BOMBARD JR., Appellant.

Calendar Date: January 9, 2018

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Robert A. Regan, Glens Falls, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Timothy Blatchley of counsel), for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Clinton County (Ryan, J.), rendered March 19, 2014, upon a verdict convicting defendant of the crimes of criminal mischief in the second degree and assault in the third degree.
During a March 2013 encounter between defendant and his former paramour (hereinafter the victim), defendant poked and grabbed the victim's face, dislodged stitches from her mouth, punched her in the face and punched and kicked her car, causing damage thereto. As a result of this incident, defendant was charged in a two-count indictment with criminal mischief in the second degree and assault in the third degree. Following a jury trial, defendant was found guilty as charged. During the trial, defense counsel moved for a directed verdict as to both charges
on the basis that the amount of damage done to the victim's car was too speculative, that the People inadequately proved causation of such damages and that there was insufficient evidence of physical injury to the victim. County Court denied defendant's motion. After trial but before sentencing, defendant moved to set aside the verdict pursuant to CPL 330.30 (1) on the basis of legally insufficient evidence, relying upon the same grounds previously raised in his motion for a directed verdict. County Court denied defendant's motion and thereafter sentenced him, as a second felony offender, to 3½ to 7 years in prison. Defendant now appeals.
Defendant's sole contention on appeal is that the verdict was not supported by legally sufficient evidence and that County Court therefore improperly denied his motions. "At any time after rendition of a verdict of guilty and before sentence, the [trial] court may, upon motion of the [*2]defendant, set aside or modify the verdict or any part thereof upon the following grounds: . . . [a]ny ground appearing in the record which, if raised upon an appeal from a prospective judgment of conviction, would require a reversal or modification of the judgment as a matter of law by an appellate court" (CPL 330.30). As such, the question presented to a trial judge upon a CPL 330.30 (1) motion is normally limited to whether the trial evidence was legally sufficient to establish the defendant's guilt of an offense or offenses (see CPL 470.15 [4] [b]; People v Carter, 63 NY2d 530, 536 [1984]; People v Garcia, 237 AD2d 42, 48 [1998]; People v Echevarria, 233 AD2d 200, 202 [1996], lv denied 89 NY2d 942 [1997]). To that end, the question of whether a jury verdict is supported by legally sufficient evidence requires us to determine "whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by [the finder of fact] on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (People v Nelligan, 135 AD3d 1075, 1076 [2016] [internal quotation marks and citation omitted], lv denied 27 NY3d 1072 [2016]; see People v Bueno, 18 NY3d 160, 169 [2011]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Byrd, 152 AD3d 984, 986 [2017]). When reviewing a legal sufficiency challenge, the evidence should be viewed in the light most favorable to the People, and the benefit of every favorable inference should be given to them (see People v Bueno, 18 NY3d at 169; People v Ryder, 146 AD3d 1022, 1023 [2017], lv denied 29 NY3d 1086 [2017]; People v Baltes, 75 AD3d 656, 658 [2010], lv denied 15 NY3d 918 [2010]).
As to his conviction of criminal mischief in the second degree, defendant argues that the amount of damage done to the victim's car was speculative and that the jury was not presented with sufficient evidence to prove that defendant actually caused the alleged damage. "A person is guilty of criminal mischief in the second degree when[,] with intent to damage property of another person, and having no right to do so nor any reasonable ground to believe that he [or she] has such right, he [or she] damages property of another person in an amount exceeding [$1,500]" (Penal Law § 145.10; see People v Simpson, 132 AD2d 894, 895 [1987], lv denied 70 NY2d 937 [1987]). The evidence adduced at trial established that the victim purchased her car for $2,500 and that the car was in "all right condition" when she did so. The victim testified that, during the incident, defendant punched and kicked the car "eight or nine times" resulting in "dents in the hood and all the way down the side of [her car]" and a "broke[n] sun visor." The arresting officer testified that, after the incident, he observed the damage to the victim's car, including several dents, and that, once in custody, defendant stated that he had kicked the car. Significantly, the People presented expert testimony from the owner of a shop specializing in collision repair services, which established that the shop's total estimate of the March 2013 cost to repair the damage done to the victim's car was $2,280.74, and the written estimate for those repairs was received into evidence (see People v Butler, 70 AD3d 1509, 1509 [2010], lv denied 14 NY3d 886 [2010]). Thus, as the foregoing evidence provided a valid line of reasoning and permissible inferences from which the jury could have rationally concluded that defendant intentionally and unlawfully caused actual damage to the victim's vehicle in excess of $1,500 (see People v Garcia, 29 AD3d 255, 262-263 [2006], lv denied 7 NY3d 789 [2006]; People v Simpson, 132 AD2d at 895), we find that defendant's conviction for criminal mischief in the second degree is supported by legally sufficient evidence (see People v Gray, 30 AD3d 771, 772 [2006], lv denied 7 NY3d 848 [2006]; People v Collins, 288 AD2d 756, 758 [2001], lv denied 97 NY2d 752 [2002]; People v Floyd, 228 AD2d 308, 309 [1996], lv denied 88 NY2d 1020 [1996]; compare People v Johnson, 58 AD2d 662, 663 [1977]).
Turning to his conviction for assault in the third degree, defendant argues that the jury was not presented with legally sufficient evidence of the element of physical injury. "A person is guilty of assault in the third degree when . . . [w]ith intent to cause physical injury to another person, he [or she] causes such injury to such person or to a third person" (Penal Law § 120.00). [*3]"'Physical injury' means impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). The trial testimony reflects that, at the time of the incident in question, defendant repeatedly grabbed the victim's face and poked her mouth, knowing that her face was sensitive, as she had just recently had surgery. As a result, defendant ripped open stitches inside of her mouth, causing her to bleed. Moreover, while defendant attempts to characterize his conduct towards the victim as "'poking' . . . [his] finger in [the victim's] face" and as "doing stupid stuff" — such conduct that he analogizes as "petty slaps, shoves, kicks and the like" (Matter of Philip A., 49 NY2d 198, 200 [1980]) — the victim's testimony reflects that defendant punched her in the face with a closed fist. The victim testified that, upon being poked and punched by defendant, the level of pain that she experienced was moderate, approximately "four or five" on a scale of "zero to ten," but that the level of pain became more severe, increasing to "about a seven or an eight," as the night wore on (see People v Hicks, 128 AD3d 1221, 1222 [2015], lv denied 26 NY3d 930 [2015]). Viewing the foregoing proof in the light most favorable to the People, we find ample evidence for the jury to conclude that defendant intentionally caused substantial pain to the victim and that, therefore, there was legally sufficient evidence of the element of physical injury (see Penal Law §§ 10.00 [9]; 120.00; People v Chiddick, 8 NY3d 445, 446-447 [2007]; People v Irby, 140 AD3d 1319, 1322 [2016], lv denied 28 NY3d 931 [2016]; People v Hicks, 128 AD3d at 1222; People v Valentin, 95 AD3d 1373, 1374 [2012], lv denied 19 NY3d 1002 [2012]; compare Matter of Philip A., 49 NY2d at 200). Accordingly, defendant's CPL 330.30 (1) motion challenging the legal sufficiency of the evidence was properly denied.
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.