People v Pittman (2018 NY Slip Op 02506)





People v Pittman


2018 NY Slip Op 02506


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

107917

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DARRYL PITTMAN, Appellant.

Calendar Date: February 23, 2018

Before: Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ.


Danielle Neroni Reilly, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the Supreme Court (Milano, J.), rendered June 15, 2015 in Schenectady County, upon a verdict convicting defendant of the crimes of assault in the second degree and criminal possession of a weapon in the third degree.
In October 2014, defendant was charged in a two-count indictment with assault in the second degree and criminal possession of a weapon in the third degree. These charges stemmed from an incident where defendant stabbed the victim in the chest with a knife. In May 2015, a jury trial was held and defendant was convicted as charged. Thereafter, Supreme Court sentenced defendant, as a second felony offender, to an aggregate prison term of seven years with five years of postrelease supervision. Defendant now appeals. We affirm.
Initially, we agree with Supreme Court's ruling that CPL 710.30 notice was not required with regard to a statement made by defendant that was overheard by a police officer while defendant was in a holding cell awaiting arraignment. Said statement was not made to a public servant or a person acting as an agent of law enforcement, but was made to another individual whom the police were holding within the holding cell; therefore, the People were not required to provide defendant notice pursuant to CPL 710.30 (see People v Phoenix, 115 AD3d 1058, 1062-1063 [2014], lv denied 23 NY3d 1024 [2014]; People v Cole, 24 AD3d 1025, 1025 [2005], lv denied 6 NY3d 832 [2006]).
Defendant's remaining contentions require little discussion. His contention that [*2]Supreme Court's Sandoval ruling was an abuse of discretion was not properly preserved for appellate review as he did not object at the close of the hearing (see People v Stacconi, 151 AD3d 1395, 1397 [2017]; People v Ramos, 129 AD3d 1205, 1207 [2015], lv denied 26 NY3d 971 [2015]). Defendant's further contention that he was deprived of a fair trial by improper comments made by the prosecutor during summation is not preserved for our review as defendant did not object to these comments at trial (see People v Devictor-Lopez, 155 AD3d 1434, 1436 n [2017]; People v Scippio, 144 AD3d 1184, 1187 [2016], lv denied 28 NY3d 1150 [2017]). Also unpreserved is defendant's contention that he was improperly sentenced as a second felony offender as he failed to object at the time of sentencing (see People v House, 119 AD3d 1289, 1290 [2014]; People v Deschaine, 116 AD3d 1303, 1304 [2014], lv denied 23 NY3d 1019 [2014]); in any event, the record demonstrates that the People's notice and Supreme Court's imposition of the sentence substantially complied with CPL 400.21 (see People v Williams, 155 AD3d 1253, 1255 [2017]; People v Morse, 111 AD3d 1161, 1161 [2013], lv denied 23 NY3d 1040 [2014]). Additionally, Supreme Court posing questions in open court to defense counsel — rather than to defendant directly — was not a violation of the statute (see People v Morse, 111 AD3d at 1161-1162; People v Ellis, 53 AD3d 776, 777 [2008]).
Garry, P.J., Egan Jr., Lynch and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.